IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| EVERGREEN AVIATION & SPACE MUSEUM and THE CAPTAIN MICHAEL KING SMITH EDUCATION INSTITUTE, | ) ) ) ) | TC-MD 150503R |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **ORDER GRANTING DEFENDANT'S MOTION FOR A PARTIAL SUMMARY JUDGMENT AND DENYING** |
| YAMHILL COUNTY ASSESSOR, | ) ) | **PLAINTIFFS' MOTION FOR A PARTIAL SUMMARY JUDGMENT** |
| Defendant. | ) | |

Plaintiffs appeal Defendant's denial of Plaintiffs' application for exemption from property taxes and a demand for a late filing fee for the 2015-16 tax year. Plaintiffs and Defendant filed cross-motions for partial summary judgment solely on the late filing fee issue. Plaintiffs were represented by Andrew Aubertine, of the Aubertine Law Group, and Samuel Zeigler, of Christopher K. Robinson, P.C. Defendant was represented by Christian Boenisch, Deputy County Counsel, and Jeff Ivie, Deputy Assessor for Yamhill County. Oral arguments on the motions were held telephonically on June 1, 2016. The parties filed a joint stipulation of facts and post-hearing briefs, and the record closed on June, 29, 2016.

## I. STATEMENT OF FACTS

These motions are before the court on the following stipulated facts:[1]

1. Evergreen Aviation and Space Museum and the Captain Michael King Smith Educational Institute ("Museum") is a nonprofit corporation organized for religious, charitable, scientific or educational purposes.

/ / /

_____
[1] The Parties' Stipulation[] of Facts, filed on June 8, 2016, is reproduced here verbatim (exhibits not included).

2. The property at issue in the appeal is that certain real property identified by Defendant Yamhill County Tax Assessor (the "Assessor") as tax account number 523942 ("Property").

3. On February 28, 2015, the Museum, through its executive director, Larry Wood, filed an Application for Real and Personal Property Tax Exemption on the Property for the 2015 tax year ("Application"). A true and complete copy of the Application is attached hereto as Exhibit A and incorporated herein by this reference.

4. The Application was timely filed, including Articles of Incorporation, Bylaws, proof of status as a non-profit corporation and a signed copy of the current lease.

5. The Property was sold to Affordable Mid-Coast Housing ("AMCH") on June 18, 2015 (Yamhill County deed 201508722). A true and complete copy of the Deed is attached hereto as Exhibit B and incorporated herein by this reference.

6. The Property was sold to AMCH as part of a resolution in the bankruptcy matter of In Re Evergreen Vintage Aircraft, Inc. Bankruptcy, Case No. 14-36770-rldll ("Bankruptcy").

7. AMCH and the Museum entered into a new lease for the Property, which was dated and signed on June 19, 2015. A true and complete copy of the lease is attached hereto as Exhibit C and incorporated herein by this reference.

8. The text of ORS 307.112(4)(a), including subsections (A) and (B), reads as follows:

(a) "The claim must be filed on or before April 1 preceding the tax year for which the exemption is claim, except:

(A) If the lease, sublease or lease-purchase agreement is entered into after March 1 or not later than June 30, the claim must be filed within 30 days after the date the lease, sublease or lease-purchase agreement is entered into if exemption is claimed for that year; or

/ / /

(B) If a late filing fee is paid in the manner provided in ORS 307.162(2), the claim may be filed within the time specified in ORS 307.162 (2)."

9. A complete and true copy of ORS 307.112 is attached hereto as Exhibit D and incorporated herein by this reference.

10. The text of OAR 150-307.112(1) reads as follows: "(1) A new claim shall be filed with the county assessor, as required under ORS 307.112(4), when a new lease, new lease-purchase agreement, extension of current lease, extension of current lease-purchase agreement or any modification to the existing lease or lease purchase agreement is made."

11. A complete and true copy of OAR 150-307.112 is attached hereto as Exhibit E and incorporated herein by this reference.

12. The Museum did not file a new claim for exemption on the Property within 30 days of execution of the new lease between the Museum and AMCH, dated June 19, 2015.

13. On August 26, 2015 the Assessor mailed a letter to AMCH, with a carbon copy to Museum legal counsel, Kevin L. Mannix, PC, asking them to confirm the status, terms and conditions of their existing leases that had been submitted as part of the Application. The letter also provided instructions in the event a new lease or leases had been entered into. A complete and true copy of the letter is attached hereto as Exhibit F and incorporated herein by this reference.

14. On September 2, 2015 Museum legal counsel, Kevin L. Mannix, PC, mailed a letter to the Assessor, which included what the Assessor understood to be and treated as a new exemption application dated September 2, 2015 together with a signed copy of the new lease between AMCH and the Museum. A complete and true copy of the letter and submitted materials is attached hereto as Exhibit G and incorporated herein by this reference.

15.  The Assessor mailed an Exemption Denial letter to the Museum dated September 10, 2015.  A complete and true copy of the September 10, 2015 letter is attached hereto as Exhibit H and incorporated herein by this reference.

16.  The Application was also denied on September 10, 2015 based upon a change of ownership in the Property from Evergreen Vintage Aircraft to Affordable Mid Coast Housing, LLC, on June 18, 2015.

17.  The Assessor mailed a letter to the Museum dated September 11, 2015.  A complete and true copy of the September 11, 2015 letter is attached hereto as Exhibit I and incorporated herein by this reference.

18.  A new Application for Real and Personal Property Tax Exemption under ORS 307.130, together with the ORS 307.162 (2) late filing fee, was filed by the Museum on December 31, 2015.

## II.  ANALYSIS

The issue in these cross-motions for partial summary judgment is whether Plaintiffs are required to pay a late filing fee in connection with its claim for exemption from property taxation.  The parties dispute whether the claim at issue, filed on September 2, 2016, is a "new" claim or an "amendment" to a previously submitted claim.

A.    *Burden of Proof and General Rules for Property Tax Exemptions*

Summary judgment is governed by Tax Court Rule (TCR) 47 C, which states in part:

> "The court will grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."

The burden of proof rests on the taxpayer to prove by a preponderance of the evidence that a claim for property tax exemption meets the statutory requirements. ORS 305.427[2]; *Golden Writ of God v. Dept. of Rev.*, 300 Or 479, 483, 713 P2d 605 (1986). In resolving exemption controversies, the court is guided by the principle that "[t]axation is the rule and exemption from taxation is the exception." *Dove Lewis Mem. Emer. Vet. Clinic v. Dept. of Rev.*, 301 Or 423, 426, 723 P2d 320 (1986). Exemption statutes are strictly but reasonably construed. *German Apost. Christ. Church v. Dept. of Rev.*, 279 Or 637, 640, 569 P2d 596 (1977); *Washington County v. Dept. of Rev.*, 11 OTR 251, 254 (1989). This court has ruled that "[s]trict but reasonable construction does not require the court to give the narrowest possible meaning to an exemption statute. Rather, it requires an exemption statute to be construed reasonably, giving due consideration to the ordinary meaning of the words of the statute and the legislative intent." *North Harbour Corp. v. Dept. of Rev.*, 16 OTR 91, 95 (2002) (citing *Mult. School of Bible v. Mult. Co.*, 218 Or 19, 27-28, 343 P2d 893 (1959)).

B.      *The Statutory Scheme for Property Tax Exemption Filing and Late Filing*

ORS 307.130(2) exempts from taxation "property owned or being purchased" by an organization that "is actually and exclusively occupied or used" for religious, charitable scientific or educational purchases. Property that a taxable owner holds and leases to an organization that is eligible for tax exemption under ORS 307.130 may be exempt from property taxation under ORS 307.112, provided that certain requirements are met.

ORS 307.112 provides in pertinent part:

/ / /

/ / /

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

"(4)(a) The claim must be filed on or before April 1 preceding the tax year for which the exemption is claimed, except:
(A) If the lease, sublease or lease-purchase agreement is entered into after March 1 but not later than June 30, the claim must be filed within 30 days after the date the lease, sublease or lease-purchase agreement is entered into if exemption is claimed for that year; or
(B) If a late filing fee is paid in the manner provided in ORS 307.162 (2), the claim may be filed within the time specified in ORS 307.162 (2).
(b) The exemption first applies for the tax year beginning July 1 of the year for which the claim is filed.
(5)(a) An exemption granted under this section continues as long as the use of the property remains unchanged and during the period of the lease, sublease or lease-purchase agreement.
(b) If the use changes, a new claim must be filed as provided in this section.
(c) If the use changes due to sublease of the property or any portion of the property from the tax exempt entity described in subsection (1) of this section to another tax exempt entity, the entity in possession of the property must file a new claim for exemption as provided in this section.
(d) If the lease, sublease or lease-purchase agreement expires before July 1 of any year, the exemption terminates as of January 1 of the same calendar year."

ORS 307.162(2) is the "late filing fee" provision and provides:

"(2)(a) Notwithstanding subsection (1) of this section, a claim may be filed under this section for the current tax year:
(A) On or before December 31 of the tax year, if the claim is accompanied by a late filing fee of the greater of $200, or one-tenth of one percent of the real market value as of the most recent assessment date of the property to which the claim pertains.
(B) On or before April 1 of the tax year, if the claim is accompanied by a late filing fee of $200 and the claimant demonstrates good and sufficient cause for failing to file a timely claim, is a first-time filer or is a public entity described in ORS 307.090."

C.      *The statutory scheme is clear and unambiguous.*

In interpreting ORS 307.112, "the court's task is to discern the intent of the legislature."

*PGE v. Bureau of Labor and Industries (PGE)*, 317 Or 606, 610, 859 P2d 1143 (1993) (citing

ORS 174.020.)  First, the court looks at the "text and context of the statute." *Id*.  Then, the court

may consider legislative history if it "appears useful to the court's analysis." *State v. Gaines*

*(Gaines)*, 346 Or 160, 172, 206 P3d 1042 (2009).  Additionally, "words of common usage

typically should be given their plain, natural, and ordinary meaning." *PGE*, 317 Or at 611. In construing a statute a judge "is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all." ORS 174.010.

Plaintiffs argue that the statutory scheme is ambiguous and that Defendant is reading ORS 307.112(4) too narrowly. Plaintiffs do not expressly identify any particular term that is ambiguous; but their brief hints that the terms "claim" and "lease" are ambiguous. The statute defines what should be included in a claim for exemption in ORS 307.112(2) which provides:

> "To obtain the exemption under this section, the lessee or, if the lessee is not in possession of the property, the entity in possession of the property, must file a claim for exemption with the county assessor, verified by the oath or affirmation of the president or other proper officer of the institution or organization, or head official of the public body or legally authorized delegate, showing:
> (a) A complete description of the property for which exemption is claimed.
> (b) If applicable, all facts relating to the use of the property by the lessee or, if the lessee is not in possession of the property, by the entity in possession of the property.
> (c) A true copy of the lease, sublease or lease-purchase agreement covering the property for which exemption is claimed.
> (d) Any other information required by the claim form."

Based on a plain reading of ORS 307.112(2) there is no legal ambiguity of what a "claim" is, although there clearly can be a factual argument as to what constitutes a claim. Whether a claim is a new claim or amended claim is subject to a factual determination by the court on a case by case basis. Similarly, Plaintiffs do not show that the term "lease" is ambiguous. Whether a document is a lease, a new lease, or an amended lease is a factual matter for the court to decide and not a matter that requires statutory interpretation.

Plaintiffs assert that the statutory scheme as a whole is ambiguous because Defendant's interpretation would require a new filing for any new lease. (Ptfs' Memo at 7.) Plaintiffs argue

that the statute actually means any new lease that is relevant to the exemption status. (*Id.*)

Plaintiffs argue that ORS 307.112(5) only applies only when an exemption has been granted and the use has not changed. (Ptfs' Memo at 9.) That argument ignores the second half of subsection 5(a) that provides "[A]n exemption granted under this section continues as long as the use of the property remains unchanged *and* during the period of the lease, sublease or lease-purchase agreement." (Emphasis added.) Plaintiffs' interpretation also ignores ORS 307.112(5)(d) that provides "[I]f the lease, sublease or lease-purchase agreement expires before July 1 of any year, the exemption terminates as of January 1 of the same calendar year." Plaintiffs' interpretation would require the court insert provisions to the statute which were not created by the legislature. After review of the text and context of the statutory scheme, the court is not persuaded that there is any ambiguity of the legislative intent that would necessitate the multistep analysis under *PGE* and *Gaines*. Even if the court found ambiguity, the parties did not offer legislative history of the statute that would change the above analysis.[3]

Plaintiffs argue that the rule associated with the statute, OAR 150-307.112,[4] exceeds the statutory authorization and could lead to an absurd result. OAR 150-307.0060(1) does contain a provision requiring the filing of a new claim due to "any modification to the existing lease." The court agrees that this sentence goes beyond the requirements of ORS 307.112 and could be problematic depending on its application, however, in this case the statute and not that portion of the rule is at issue. In this case we are not addressing a mere modification to an existing lease. The court need not rule on a hypothetical set of facts.

/ / /

---

[3] ORS 174.020(3) provides in part "A court may limit its consideration of legislative history to the information that the parties provide to the court."

[4] The Department of Revenue has recently renumbered the Oregon Administrative Rules (OAR). All further references will be to the renumbered rules.

Finally, Plaintiffs argue that *Harvest Christian Church v. Multnomah County Assessor (Harvest)*, TC-MD 130231C, WL 3964290 (July 31, 2013), is distinguishable. In *Harvest*, the lease was scheduled for renewal on July 1 but the taxpayer did not file its application within 30 days of the lease. The court held that the claim was late. Implicit in its holding, the court in *Harvest* found that a new lease, even between the same parties, requires a new application for exemption. *Harvest* is not distinguishable from Plaintiffs' case and it is persuasive.

D.      *Plaintiffs filed a new exemption claim application on September 2, 2015.*

Plaintiffs argue that their claim exemption application filed on September 2, 2015, was an amended claim from its February 28, 2015, claim. However, the new lease was not a mere amendment; it had different parties, was for a different period of time, and had different rental amounts. AMCH bought the property out of bankruptcy, free and clear of liens, on June 18, 2015, and "entered into a *new lease* for the Property." (Stip Facts at ¶ 7) (emphasis added). The lease contained in Plaintiffs' February 2015 application was between Vintage Corp. and the Museum while the lease contained in Plaintiffs' September 2015 application was between AMCH and the Museum. (Stip Facts, Ex A, G.) The original lease was a 20-year lease, beginning in 2007, with a base rent of $-0-. (Stip Facts, Ex A at 33.) The new lease is a 20-year lease, beginning June 19, 2015, with a base rent of $50,000 per month. (Stip Facts, Ex G at 11.) There is no colorable basis to conclude that the June 19, 2015, lease was merely an amendment to the 2007 lease; it is a brand new lease. Because that new lease was entered into after March 1 and before June 30, a new claim of exemption was required to be filed within 30 days. The parties stipulated that the claim was not filed within the 30-day period. Thus, Defendant could properly require a late fee to process the claim.

/ / /

E.      *The statutory scheme does not create an absurd or unreasonable result.*

Plaintiffs argue that the statutory interpretation argued by Defendant "leads to absurd or unreasonable results." That is so because the Museum continued to occupy the Property throughout the period at issue and continuously maintained the same grounds for an exemption from property taxes. Viewed from that perspective, a process that would remove the Museum's exemption or force it to pay a very large late filing penalty appears to the court as quite unfortunate. Yet, the statutory scheme for property tax exemption was not designed by the legislature to be automatic; a taxpayer or tenant must affirmatively take action to obtain an exemption. The court takes judicial notice that Plaintiffs are not new to this exemption process; having litigated exemption issues in this venue many times before. Plaintiffs simply missed the statutory deadline to file for an exemption. The legislature gave taxpayers some leeway to file late, but imposed a penalty of one-tenth of one percent of the assessment. Normally, that penalty would be modest. In this case, the penalty is unusually large due to the significant value of the Property. The resulting penalty of $66,406.68 may be harsh and unfortunate, but it is not absurd or unreasonable.

F.      *Defendant's knowledge of the new lease does not alter Plaintiffs' obligation to timely file for an exemption.*

Plaintiffs argue that Defendant knew about the bankruptcy, sale of the Property, and the new lease and thus it "was obliged to issue the denial letter" in time for Plaintiffs to apply for an exemption. (Ptfs' Memo at 10.) In support of its proposition, Plaintiffs cite OAR 150-307.0190(4).[5] That rule requires the assessor to return incomplete applications. Plaintiffs are mistaken because there was no incomplete application here; Plaintiffs completed an application in February 2015, and completed a second application in September 2015. Further, no statute or

---

[5] Previously OAR 150-307-162(1)(4).

rule cited by Plaintiffs creates an affirmative duty for Defendant to give notice to a taxpayer about impending statutory deadlines.

### III.  CONCLUSION

After careful consideration of the evidence in this case, the court concludes that Plaintiffs filed their application for a property tax exemption more than 30 days after they entered into a new lease and, thus, their claim for property tax exemption was untimely.  Defendant was correct in imposing a late filing fee pursuant to ORS 307.112 (4)(a)(B) and ORS 307.162(2).  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' Motion for Partial Summary Judgment is denied; and

IT IS FURTHER DECIDED that Defendant's Cross-Motion for Partial Summary Judgment is granted.

Dated this ____ day of November 2016.


RICHARD DAVIS
MAGISTRATE

***This interim order may not be appealed.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved.  ORS 305.501.***

***This document was filed and entered on November 15, 2016.***