Plaintiff granted summary judgment August 9, 1989.
This case concerns a single family residence owned by the Oak Hills Christian Reformed Church, Inc. (Church) and used as a parsonage. The issue is whether the parsonage is exempt from property taxation. The Department of Revenue *Page 252 
found that the property should be 100 percent tax exempt as of January 1, 1986. Plaintiff appealed that decision to this court. The church intervened and moved for summary judgment. Defendant filed a concurring motion and plaintiff filed a cross-motion for summary judgment. Oral arguments were heard on the motions.
1. ORS 307.140 provides that the following property owned or being purchased by religious organizations shall be exempt from taxation:
 "(1) All houses of public worship and other additional buildings and property used solely for administration, education, literary, benevolent, charitable, entertainment and recreational purposes by religious organizations * * *."
The adjective "solely," formerly "exclusively," has been defined as "primarily" in Mult. School of Bible v. Mult. Co.,218 Or. 19, 29, 343 P.2d 893 (1959). In that case, the court quoted People ex rel. Marsters v. Saletyni Missionaries, Inc.,409 Ill. 370, 99 N.E.2d 186, 189 (1951):
 " 'When the primary purpose is an exempt one, any incidental use of the exempt property for another purpose does not negative the exemption when the incidental use is not for profit.' "
The subject property is used continuously as a residence for the pastor and his family. One room in the parsonage, the pastor's study, is used continuously for church purposes. The value of this portion was exempted from taxation by plaintiff. Certain other rooms, including the kitchen, family room and attic bedroom, were used at times for recreational and educational purposes related to the congregation. Summer bible school classes were held in the garage and on the lawn for one-half day periods for five consecutive days per year. These uses are documented as to approximate times used and number of church members involved.[1] *Page 253 
2. The use of the property in this case creates a close question. Oregon is only one of a number of states where exemption from property tax depends upon the use of the property. See for example, Annotation, Tax Exemptions —Minister's Residence, 55 ALR3d 356, 379 (1974). Oregon's statutes specifically list uses of property by religious organizations which are exempt, i.e., administration, education, literary, benevolent, charitable, entertainment and recreational. The statute does not list a parsonage or living quarters as an express exempt use.
In House of Good Shepherd v. Dept. of Rev., 300 Or. 340,710 P.2d 778 (1985), the Oregon Supreme Court allowed a tax exemption for living quarters occupied by Roman Catholic nuns. The court granted the exemption based on the semi-cloistered requirements of the church and found that the required living arrangements advanced the religious objectives of the church. This is the only case to date in which the Supreme Court has allowed a tax exemption for living quarters based upon religious use. In Mult. School of Bible v. Mult. Co., supra,
the Supreme Court found that the property used to house the school's superintendent of buildings and the supervisor of its dining hall was exempt from tax because the presence of those employees was necessary for the functioning of the school. The court there stated:
 "The appropriation of the building on Tax Lot 440 for the purposes used appears to us to be primarily and directly for the benefit of the school, although incidentally it may have contributed in a degree to the benefit and convenience of the school employees residing there." Id., at 37.
The use of the subject property is similar to that found inLewis Clark College v. Commission, 3 OTR 429 (1969). In that case, this court found that the residence owned by a college for use by its president was primarily used for school purposes. The president was required to live in the residence which was used extensively for accomplishing his duties as president. The opinion reflects the testimony of the college president that "while the house is larger than he needs for his personal use, it is occasionally used for family purposes." (3 OTR at 431-32). It appears that the court was also influenced by the role that the president of a college plays and the facilities needed to fulfill that role. *Page 254 
3. In this case, the pastor is also required to live in the parsonage. The parsonage is also used for a number of meetings and classes by the church. However, despite the frequent use of the property by church members, the court finds that the primary use of the property is as a residence. It appears to the court that the use of the property to accomplish religious purposes is only incidental or secondary to the primary purpose of providing a residence for the pastor and his family. In so finding, the court recognizes that pastors of a congregation, like college presidents, may have wide ranging duties. If exemption statutes were to be liberally interpreted, living quarters for a pastor or minister might qualify. However, Oregon's exemption statutes are not to be liberally construed. Exemption statutes are to be strictly but reasonably construed.Methodist Homes, Inc. v. Tax Com., 226 Or. 298, 307, 360 P.2d 293
(1961). Exemptions are generally denied unless they are so clearly granted as to be free from reasonable doubt.Behnke-Walker v. Multnomah County, 173 Or. 510, 521, 146 P.2d 614
(1944).
4. The legislature has not seen fit to expressly exempt parsonages. Perhaps it recognizes that inequalities in tax systems grow more unjust and oppressive as the tax burden becomes heavier. Certainly it is inescapable that the addition of another exemption throws a heavier load on those not exempted. In the absence of an express statutory exemption, the taxpayer must bring itself clearly within the ambit of the exemption granted.
 "The burden is upon the taxpayer to prove that a claim of exemption meets the statutory requirements. The taxpayer must demonstrate that the property claimed to be exempt is reasonably necessary and actually used in a manner required by ORS 307.140 to qualify for an exemption. It is not enough that the taxpayer owns the entire property and conducts activities on portions of the property that would qualify those portions for an exemption." Golden Writ of God v. Dept. of Rev., 300 Or. 479, 483, 713 P.2d 605 (1985).
Here the subject property "served continuously as the sole residence for the pastor and his family." The parsonage was built to house the pastor and his family. The court finds that the subject property was "primarily" used as a home for the pastor and his family. The fact that some parts of the parsonage are used for purposes connected with the work of *Page 255 
the church do not make it a building used primarily for the benefit of the church. Plaintiff concedes that one bedroom, set aside as a study, was used primarily for church purposes. Now, therefore,
IT IS ORDERED that Intervenor's Motion For Summary Judgment and Defendant's Concurring Motion For Summary Judgment be, and hereby are, denied; and
IT IS FURTHER ORDERED that Plaintiff's Motion For Summary Judgment be, and hereby is, granted.
[1] The stipulated uses consisted of: (1) Temporary housing for new members to the community (sometimes three times per year); (2) housing for interim pastors when a vacancy occurred (approximately once every six years); (3) teens stay with family during summer worship ministry (approximately one per season); (4) social functions were hosted (3-5 times weekly); (5) Sunday school is held in family room, living room and kitchen each week; (6) Vacation bible school is held in the garage and on the lawn for five half-days each year; (7) youth group meetings (15-20 people at two or three times per year); and (8) leaders' meetings (5 or 6 people once a month). *Page 256