ROMAN CATHOLIC ARCHDIOCESE
OF THE ARCHBISHOP OF
PORTLAND IN OREGON
(fka Archdiocese of Portland)

*v.*

DEPARTMENT OF REVENUE

(TC 3561)

Marc K. Sellers, Schwabe, Williamson & Wyatt, Portland, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered January 18, 1995.

**CARL N. BYERS, Judge.**

Plaintiff appeals department's Opinion and Order No. 90-3274, which concluded that a rectory building is only 50 percent exempt from taxation for 1989-90 and subsequent tax years.

## FACTUAL BACKGROUND

The property at issue, Marion County Account No. 74350-190, is the rectory of St. Edward's Catholic Parish in

Keizer. The rectory is owned by plaintiff, an Oregon nonprofit corporation and the local agency of the Roman Catholic Church. The rectory consists of a living room, kitchen, three bedrooms, two bathrooms, and a three-room addition which was originally used as the parish office. The parish office has since moved to the parish center, but the parish priest continues to use one of the rooms in the addition as his study.

The current priest of St. Edwards testified that the use of the subject property has not changed substantially since plaintiff acquired the building in 1970. One bedroom is used by the priest, one serves as a guest room for visiting priests or people assisting in church activities, and a third is used for storage. The priest uses the rectory to study and write sermons, prepare classes and workshops for the parish, conduct individual and marriage counseling, hear confessions, and make and receive phone calls. The rectory is also used for small meetings of parish groups and the housing of visiting priests. The parish priest performs administrative duties in the nearby parish center, but most of his pastoral work is performed in the rectory. Parishioners use the rectory bathrooms and kitchen in conjunction with their meetings and other church uses. No one else resides at the rectory.

## LEGAL ANALYSIS

The applicable Oregon statute in this case, ORS 307.140(1), provides:

> "All houses of public worship and other additional buildings and property used solely for administration, education, literary, benevolent, charitable, entertainment and recreational purposes by religious organizations, the lots on which they are situated, and the pews, slips and furniture therein. However, any part of any house of public worship or other additional buildings or property which is kept or used as a store or shop or for any purpose other than those stated in this section shall be assessed and taxed the same as other taxable property."

By this statute the legislature determined that not only houses of public worship, but "additional buildings or property" may be exempt from property taxation. There has been a change in the attitudes of the courts towards the

taxation or exemption of parsonages and rectories. In *Benevolent Society v. Kelly*, 28 Or 173, 195, 42 P 3 (1895), the Oregon Supreme Court indicated that the religious, exemption statute does not exempt parsonages. In *German Apost. Christ. Church v. Dept. of Rev.*, 279 Or 637, 643, 569 P2d 596 (1977), the court indicated that "such an observation no longer appears to be true" and stated:

"Under ORS 307.140, if exemption is sought because of religious (and therefore charitable) use, the parsonage must be reasonably necessary for the accomplishment of religious objectives of the church. * * * Once such a necessity is shown, the actual use of the parsonage must be examined. If such use is consistent with the claimed necessity, the exemption should be allowed."

■  When property involves living quarters, as with a parsonage or rectory, the question is whether it is reasonably necessary for the person using the living quarters to be physically on site. The way in which the living quarters are used must also be considered because some uses advance the religion's purposes and values. *House of Good Shepherd v. Dept. of Rev.*, 300 Or 340, 710 P2d 778 (1985).

Plaintiff cites Canon 533 of the Code of Canon Law which requires a priest assigned to a parish to reside in the rectory of that parish and to be always available to serve the needs of the parishioners. In addition, the priests who live in the rectory have taken vows of celibacy and obedience, which result in the priests being "married" to the church. Priests are to devote all their energy to serving the people in the parish, and are bound to obey the bishop who assigns priests to their living quarters.

Plaintiff's Director of Clergy Services testified concerning the purpose and use of Roman Catholic Church rectories. He stated that the Archdiocese's goal is to have a rectory on the grounds of each church where possible. The Archdiocese requires the continuous presence of a priest near the church so he may be available at all times to attend to the needs of the parish. The rectory is one facility used by the priest to meet the needs of the parish.

Based on the evidence submitted, the court finds that the rectory is reasonably necessary to the accomplishment of plaintiff's religious purposes.

■       Having determined that the rectory is reasonably necessary, the next question is whether actual use of the rectory is consistent with fulfillment of the religious purposes of the church. As the Oregon Supreme Court stated in *German Apost. Christ. Church*:

> "[A]ctual use of the parsonage may be highly relevant in determining its necessity. If the property is substantially used for church functions or rites, entertaining or counseling members of the church and the like, the contention of necessity will be buttressed. Incidental personal benefit to the religious leader of the church will not defeat the exemption, provided that use consistent with a shown necessity is proved." 279 Or at 643.

The only evidence of actual use was submitted by plaintiff. That evidence indicated that the rectory is used by the priest and parishioners primarily for the benefit of plaintiff. Accordingly, the court finds the use of the rectory is consistent with the necessity of the rectory to plaintiff for performance of its religious purpose.

Defendant, in its trial memorandum and during trial, expressed concern that if the court ruled plaintiff is entitled to exemption, it would be making a distinction between a rectory occupied by a single priest and a parsonage occupied by a married minister with a family. Defendant cites *Washington County v. Dept. of Rev.*, 11 OTR 251 (1989), in which this court held that a parsonage was primarily used as a home for a pastor and his family. That decision, however, was based on the evidence submitted in that case and should not be misconstrued. A parsonage of a minister with a family which meets the tests of *German Apost. Christ. Church* can qualify for exemption.

The court finds that the two-part test of *German Apost. Christ. Church* has been met in that the rectory is primarily used for religious purpose. Accordingly, department's Opinion and Order No. 90-3274 is reversed. Costs to neither party.