IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| WILLAMETTE TABLE TENNIS CLUB, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 160257R |
| | ) | |
| v. | ) | |
| | ) | |
| MARION COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

Plaintiff appealed Defendant's denials of Plaintiff's application for exemption dated

September 28, 2015, for the 2015-16 tax year and April 26, 2016, for the 2016-17 tax year, for

property identified as Account R68516. On September 28, 2016, the parties submitted stipulated

facts. On November 30, 2016, Defendant filed a Motion to Dismiss the 2015-16 Tax Year and

Motion for Summary Judgment on the 2016-17 Tax Year. On December 22, 2016, Plaintiff filed

its response to Defendant's Motion to Dismiss and its own Motion for Summary Judgment. Oral

argument was held at the Oregon Tax Court in Salem, Oregon on January 3, 2017. Ben Bednarz

appeared on behalf of Plaintiff. Scott A. Norris, Assistant Legal Counsel for Marion County,

appeared on behalf of Defendant. The matter is ready for decision.

## I. STATEMENT OF FACTS

This case is before the court on the following stipulated facts:

1. Plaintiff is organized as a mutual benefit nonprofit corporation under Oregon law.

2. Plaintiff's purpose is stated generally in Article 2B of its restated articles as follows:

/ / /

---

[1] This Final Decision incorporates the court's Decision, entered June 20, 2017. A scrivener's error on Page 8 was corrected; otherwise, the Decision is unchanged. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

"Willamette Table Tennis Club (WTTC) is organized and operated for educational purposes and to foster national and international amateur sports, and specifically to promote table tennis for members and non-members; to hold tournaments; to promote the sport nationally and internationally; to be a member of the United States Table Tennis Association (USTTA); to promote and teach table tennis to children; and to promote table tennis in general. The organization may engage in any lawful activity for which corporations may be organized under the [Oregon Nonprofit Corporation Act]."

3. Article 2D of Plaintiff's restated articles reads as follows:

"No part of the net earnings of the corporation shall inure to the benefit of, or be distributable to its members, directors, officers, or other private persons, except that the corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth in these articles. No substantial part of the activities of the corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation, and the corporation shall not participate in, or intervene in (including the publishing or distribution of statements) any political campaign on behalf of any candidate for public office."

4. Plaintiff is exempt from federal income tax pursuant to Internal Revenue Code (IRC) section 501(c)(3).

5. The subject property is a commercial property located at 1960 Oak Street SE, Salem, OR 97301. Plaintiff leases the subject property from Starbuck Properties, LLC. The subject property is comprised of the eastern portion of the northwest building at the landlord's site, plus the surrounding outdoor space, all of which comprises approximately 10,500 square feet.

6. Pursuant to section 2.1 of the lease, the original term expired on December 31, 2015. However, pursuant to section 2.3, the lease term is presumed to renew on an annual basis for up to three additional years unless the landlord declines in writing to accept the renewal on or before December 1 of any given year.

7. Pursuant to section 3.1 of the lease, the annual rent due on or before January 1 of each calendar year is $100.00. The lease states the following about the rent: "This rent

amount is far less than the fair market value of the space. The difference in rent charged is a result of the non-profit status of the tenant."

8. Section 3.2 of the commercial lease agreement is a property tax clause which reads as follows:

> "**Taxes**. Landlord shall be responsible for all real property taxes. However, as an [sic] material inducement for Landlord to enter into this Lease on the terms and conditions herein. Tenant has agreed to apply for as [sic] use its best efforts to obtain tax exemption from the local government taxing officials. Tenant shall be responsible for all costs and expenses in achieving the tax exempt status."

9. Plaintiff applied for exemption of the subject property for the 2016-17 tax year on March 29, 2016. Plaintiff claimed exemption for the subject property pursuant to ORS 307.130.

10. In a letter dated April 26, 2016, Defendant denied Plaintiff's application for exemption for the 2016-17 tax year, on the basis that Plaintiff does not meet the statutory guidelines for exemption as a charitable organization under ORS chapter 307.130.

In addition to the stipulated facts the court also finds the following:

11. Plaintiff filed an application for exemption from property tax for the 2015-16 tax year on September 15, 2015. (Aff of Scott A. Norris, Ex A.)

12. Defendant mailed a letter to Plaintiff on September 28, 2015, denying Plaintiff's application for exemption of the subject property for the 2015-16 tax year. (Aff of Scott A. Norris, Ex B.)

13. Plaintiff filed its appeal of the September 28, 2015, denial of exemption letter on June 29, 2016.

/ / /

/ / /

## II. ANALYSIS

The issues in this case are whether Plaintiff timely appealed Defendant's denial of application for property tax exemption for the 2015-16 tax year under ORS 305.280[2] and whether Plaintiff is a charitable organization qualified for a property tax exemption under ORS 307.130.

A. *Defendant's Motion to Dismiss*

On September 28, 2015, Defendant mailed Plaintiff a letter denying its application for an exemption from property tax for the 2015-16 tax year. Plaintiff filed an appeal to the Tax Court on June 29, 2016. That interval is longer than the 90 days required by ORS 305.280(1), which states in pertinent part:

> "Except as otherwise provided in this section, an appeal under ORS 305.275 (1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred[.]"

Plaintiff argues that "Defendant's actions failed to provide Plaintiff an opportunity to seek redress on the exemption denial * * *." (Ptf's Resp at 1.) Plaintiff cites to Defendant's letter dated September 28, 2015, essentially arguing it was defective. Defendant's letter identified its reason for the exemption denial: "[b]ecause the primary purpose of your organization is a sports club and the use of this property is for the benefit of your members, it does not meet the statutory guidelines to be granted as a charitable organization." (Aff of Scott A. Norris, Ex B.) The letter further states: "If you disagree with this decision you have the right to file an appeal with the Magistrate Division of the Oregon Tax Court." Plaintiff's argument that Defendant's denial letter failed to put Plaintiff on notice of the reasons for denial or information regarding an appeal is without merit. Plaintiff has not presented any fact or

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

argument that prevents the application of the 90-day deadline to appeal Defendant's action. Defendant's Motion to Dismiss with respect to the 2015-16 tax year is granted.

B.    *Burden of Proof and General Rules of Construction for Property Tax Exemptions*

The parties have filed cross-motions for summary judgment. Summary judgment is proper where, construing the facts in the light most favorable to the adverse party, "there is no genuine issue as to any material fact" such that "the moving party is entitled to prevail as a matter of law." Tax Court Rule 47 C.

The burden of proof rests on the taxpayer to prove by a preponderance of the evidence that a claim for property tax exemption meets the statutory requirements. ORS 305.427; *Golden Writ of God v. Dept. of Rev.*, 300 Or 479, 483, 713 P2d 605 (1986). In resolving exemption controversies, the court is guided by the principle that "[t]axation is the rule and exemption from taxation is the exception." *Dove Lewis Mem. Emer. Vet. Clinic v. Dept. of Rev.* (*Dove Lewis*), 301 Or 423, 426, 723 P2d 320 (1986) (citation omitted). Exemption statutes are strictly but reasonably construed. *German Apost. Christ. Church v. Dept. of Rev.*, 279 Or 637, 640, 569 P2d 596 (1977); *Washington County. v. Dept. of Rev.*, 11 OTR 251, 254 (1989). This court has ruled that "[s]trict but reasonable construction does not require the court to give the narrowest possible meaning to an exemption statute. Rather, it requires an exemption statute to be construed reasonably, giving due consideration to the ordinary meaning of the words of the statute and the legislative intent." *North Harbour Corp. v. Dept. of Rev.*, 16 OTR 91, 95 (2002).

C.    *Exemption Under ORS 307.130*

ORS 307.130(2) exempts from taxation "property owned or being purchased" by a charitable organization that "is actually and exclusively occupied or used" in the organization's charitable work. Property that a taxable owner holds and leases to a charitable organization that

is eligible for tax exemption under ORS 307.130 may be exempt from property taxation under ORS 307.112, provided that certain requirements are met.[3]

### 1. *Charitable organization*

The Oregon Supreme Court has developed a three-prong test for analyzing if an organization qualifies as a "charitable institution"; *i.e.*, if all three prongs are satisfied, then the organization is a charitable organization for purposes of ORS 307.130: "(1) the organization must have charity as its primary, if not sole, object; (2) the organization must be performing in a manner that furthers its charitable object; and (3) the organization's performance must involve a gift or giving." *SW Oregon Pub. Def. Services v. Dept. of Rev.* (*SW Oregon*), 312 Or 82, 89, 817 P2d 1292 (1991); *see also* OAR 150-307-0120.[4]

### 2. *Charity as primary object*

As to the first prong of the *SW Oregon* test, the Oregon Supreme Court has held that an organization's articles of incorporation and bylaws serve as prima facie evidence of the character of the organization. *Dove Lewis*, 301 Or at 427. Defendant argues that Plaintiff's articles state it is a mutual benefit corporation and not a public benefit corporation and, thus, Plaintiff "does not have charity as its primary, if not sole, object." (Def's Mot at 5.) Defendant cites to *Columbia Empire Region Volleyball Ass'n v. Multnomah County Assessor* (*Columbia Empire*), TC-MD 150421N (Aug 30, 2016) and *Rogue Gem v. Josephine County Assessor* (*Rogue Gem*), 17 OTR-MD 446 (2003) to support its contention. Defendant's reliance on *Columbia Empire* is misplaced. In *Columbia Empire*, the entity seeking a property tax exemption was not a mutual benefit corporation. Although *Columbia Empire* cites to *Rogue Gem*, it does so only to address

---

[3] Because the case is decided on other grounds, the court will not analyze Plaintiff's compliance with ORS 307.112.

[4] The court's references to the Oregon Administrative Rules are to the 2016 version, which was renumbered as of September 1, 2016.

arguments made by the parties in that case. *Rogue Gem*, however, appears to be directly on point. In that case, the court discussed in significant detail the legislative history and purpose of the mutual benefit corporation and held that "a mutual benefit corporation is not charitable in nature, therefore its property does not qualify for exemption." *Rogue Gem*, 17 OTR-MD at 452. The Tax Court Regular Division has not directly ruled on that issue, however, in *Oregon School Boards Ass'n v. Dept. of Rev.*, TC 5262, WL 5888932 (Oct 7, 2016), the court noted the holding in *Rogue Gem* "was demanded by the definitions of a mutual benefit corporation and a public benefit corporation." *Id.* at *5.

Plaintiff argues that because of its 501(c)(3) tax exempt status and "because Defendant has failed to show in any way where Plaintiff is operated for the benefit of a select group" the type of incorporation should not determine its status. It would be difficult for this court to ignore the holding in *Rogue Gem*. However, in the interest of completeness, this court will look at Plaintiff's documentation as a whole. Plaintiff's articles of incorporations state that it

> "is organized and operated for educational purposes and to foster national and international amateur sports, and specifically to promote table tennis for members and non-members; to hold tournaments; to promote the sport nationally and internationally; to be a member of the United States Table Tennis Association (USTTA); to promote and teach table tennis to children; and to promote table tennis in general."

(Stip Facts at 1, ¶ 2.) Plaintiff focuses its argument on its IRC section 501(c)(3) status. That is one element of the analysis, but that alone is not sufficient. Promoting sports under certain circumstances may demonstrate a charitable purpose. But here, Plaintiff does not show anything more. Plaintiff's articles of incorporation do not show by a preponderance of the evidence that charity is Plaintiff's primary object.

/ / /

/ / /

3.     *Gift or giving*[5]

Defendant argues that Plaintiff's organization does not perform in a manner that involves "a gift or giving." *SW Oregon*, 312 Or at 89; *see also* OAR 150-307-0120-(4)(d). The *SW Oregon* court concluded that, when analyzing the "gift or giving" requirement, it is proper to determine whether the donor had an expectation of remuneration from the recipient. *SW Oregon*, 312 Or at 92. That conclusion is consistent with paragraph (d) of the rule cited above: "This element of gift and giving is giving something of value to a recipient with no expectation of compensation or remuneration." OAR 150-307-0120(4)(d).

> This court has stated that the elements of gift or giving by the following factors:
>
> "(1) Whether the receipts are applied to the upkeep, maintenance and equipment of the institution or are otherwise employed;
> "(2) Whether patients or patrons receive the same treatment irrespective of their ability to pay;
> "(3) Whether the doors are open to rich and poor alike and without discrimination as to race, color or creed; and
> "(4) Whether charges are made to all and, if made, are lesser charges made to the poor or are any charges made to the indigent."

*Serenity Lane, Inc. v. Lane County Assessor*, 21 OTR 229, 236 (2013) (citations omitted.)

Plaintiff did not present evidence on how receipts are employed. The parties agree that Plaintiff provided an opportunity for members and nonmembers to play table tennis. They also agree that the website provided that nonmembers are charged $4 to play and that the website states "[a] player who regularly ignores the Visitors fee may be banned (until he/she starts paying)[.]" (Aff of Scott A. Norris, Ex E.) There are two free play sessions according to Plaintiff's website: Thursdays from 6:00 to 7:00 p.m. and free beginner lessons on Mondays from 7:00 to 9:00 p.m. (*Id.* at Ex D.) That is evidence of some giving, but it appears to be

---

[5] Because Plaintiff did not meet the first prong under the *SW Oregon* test, it is unnecessary to analyze the second prong.

incidental rather than its main purpose. Plaintiff argues that its website is inaccurate and that Plaintiff does not follow its published rules in charging all participants. That argument is not persuasive because, from the perspective of the public who is looking at its website, playing is not free, and inability to pay is not a consideration. There is insufficient evidence presented to show that individuals have access to Plaintiff's services regardless of their ability to pay. Thus, as a whole, Plaintiffs have not demonstrated an element of gift or giving.

### III. CONCLUSION

After careful consideration, the court finds that tax year 2015-16 should be dismissed for failure to file timely. The court also finds that charity is not the primary purpose of Plaintiff's organization and its performance does not involve sufficient gift or giving to qualify as a charitable institution under ORS 307.130(2). Plaintiff's appeal must be denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's Motion for Summary Judgment is denied; and

IT IS FURTHER DECIDED that Defendant's Motion to Dismiss the 2015-16 Tax Year and Motion for Summary Judgment on the 2016-17 Tax Year are granted.

Dated this ___ day of July, 2017.

RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on July 10, 2017.*