496 December 28, 2017 No. 44

## IN THE OREGON TAX COURT
## REGULAR DIVISION

ST. MARY STAR OF THE SEA
CATHOLIC CHURCH, ASTORIA,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5248)

Following the conclusion of litigation of substantive claims in this matter, Plaintiff (taxpayer) requested attorney fees. Taxpayer attempted to show that the county acted arbitrarily and subjectively in denying taxpayer's application and declining to either investigate further or to request additional documentation from taxpayer. Defendant (the department) objected on two grounds: first, as to whether fees were appropriate, and second, as to whether any award of fees to taxpayer could exceed the actual amount charged by counsel for services to taxpayer. While the court found there was no question that taxpayer's claims in the case were objectively reasonable—the court determined that taxpayer's rectory was completely subject to exemption—the court ultimately rejected the department's position as to reasonable necessity in this case, but did not consider the department's arguments or its use of authority to be objectively unreasonable. The court found that the department had made a reasoned argument on the facts in the case under the appropriate legal standard. However, taxpayer's victory, alone, was insufficient to support an award of fees. Upon evaluation of the eight statutory factors for an award of attorney fees, the court found that an award of attorney fees was not appropriate in this case.

Submitted on Plaintiff's request for attorney fees and Defendant's response.

Mark K. Sellers, Schwabe, Williamson & Wyatt, PC, Portland, filed the request for Plaintiff (taxpayer).

Daniel Paul, Assistant Attorney General, Department of Justice, Salem, filed the response for Defendant Department of Revenue (the department).

Decision rendered December 28, 2017.

**HENRY C. BREITHAUPT, Judge.**

### I. INTRODUCTION

This matter is before the court on the request for attorney fees made by Plaintiff St. Mary Star of the Sea

Catholic Church, Astoria (taxpayer) regarding legal services rendered in the Magistrate Division and the Regular Division of this court. Defendant Department of Revenue (the department) has filed objections to that request, to which taxpayer has responded.

## II.   BACKGROUND

Taxpayer's request for attorney fees relates to litigation costs it incurred to appeal the denial by the Clatsop County Assessor (the county) of taxpayer's application for exemption from property taxation for property used for religious purposes under ORS 307.140.[1] The record shows the following facts.[2]

The property at issue in the underlying case is a rectory owned by taxpayer. Taxpayer previously owned other rectories that were exempt from property tax, or at least not challenged by the county in the prior years. The previous rectory used by taxpayer was leased by taxpayer. That lease contained an option to purchase the rectory.

Instead of purchasing that rectory, which was immediately adjacent to taxpayer's church, taxpayer purchased the rectory at issue in this case, which was 1.5 miles away from the church. After purchasing the rectory, taxpayer applied for exemption from property taxation.

The county denied taxpayer's application. The county did not request any additional information from taxpayer before denying taxpayer's application.

Taxpayer appealed the county's denial to the Magistrate Division of the court. After trial, the magistrate determined that taxpayer's rectory was not exempt from property taxation. Taxpayer appealed that decision to the Regular Division of the court.

---

[1] Unless otherwise indicated, the court's references to the Oregon Revised Statutes (ORS) are to the 2013 edition.

[2] Some evidence introduced or relied upon by taxpayer is discussed by the court in the analysis portion of this order.

On cross-motions for summary judgment and largely stipulated facts,[3] the court held that the rectory completely qualified for exemption as an "'other additional building[] * * * used solely for administration, education, literary, benevolent, charitable, entertainment and recreational purposes' by taxpayer." *See St. Mary Star of the Sea I v. Dept. of Rev.*, 22 OTR 312, 317 (2016) (quoting ORS 307.140(1)).

Taxpayer then made its request for attorney fees under ORS 305.490(4)(a). That statute provides:

"If, in any proceeding before the tax court judge involving ad valorem property taxation, exemptions, special assessments or omitted property, the court finds in favor of the taxpayer, the court may allow the taxpayer, in addition to costs and disbursements, the following:

"(A)   Reasonable attorney fees for the proceeding under this subsection and for the prior proceeding in the matter, if any, before the magistrate; and

"(B)   Reasonable expenses as determined by the court. Expenses include fees of experts incurred by the individual taxpayer in preparing for and conducting the proceeding before the tax court judge and the prior proceeding in the matter, if any, before the magistrate."

ORS 305.490(4)(a).

The department makes two objections. The first objection is whether fees are appropriate. The second objection is whether any award of fees to taxpayer may exceed the actual amount charged by counsel for services to taxpayer.[4] Because the court ultimately concludes that an award of attorney fees is not appropriate in this case, it does not address the amount of fees requested by taxpayer.

---

[3] Taxpayer also supplemented the record with evidence regarding the use of the rectory, and the county's conduct leading up to the litigation in this case. This court noted that the county's conduct might be relevant to a request for attorney fees, but it was not relevant to a request for exemption. *St. Mary Star of the Sea I v. Dept. of Rev.*, 22 OTR 312, 315 (2016).

[4] Taxpayer's counsel introduced evidence that taxpayer was charged a lower rate for its services than it otherwise would have because of the religious and nonprofit nature of taxpayer. However, taxpayer's counsel requested attorney fees commensurate with the market rate for such services.

### III.   ANALYSIS

In evaluating a request for attorney fees, this court first considers the factors contained in ORS 20.075(1) in determining whether to award attorney fees. *Preble v. Dept. of Rev.*, 331 Or 599, 602, 19 P3d 335 (2001). There are eight factors; each one will be addressed in turn.

A.   *Factor A*

The first factor the court considers is "[t]he conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal." ORS 20.075(1)(a). This factor addresses the pre-litigation conduct of the parties.[5] *See Ellison v. Dept. of Rev.*, 362 Or 148, 170, 404 P3d 933 (2017). Additional evidence relevant to this factor is discussed below before being analyzed by the court.

1.   *Additional evidence*

Taxpayer applied for exemption from property tax for the rectory using the department's Application for Real and Personal Property Tax Exemption form. That form required current copies of taxpayer's articles of incorporation, by-laws, and proof of nonprofit status to be sent to the county. The department's form contains blank spaces in which a taxpayer is directed to explain the "purpose" of the organization and the "use" of the property.

Taxpayer filled out the form and submitted the relevant documentation to the county. Taxpayer described the purpose of the organization as "Religious," and the use of the property as "Parish Rectory." No additional documentation or explanation was included with taxpayer's application, nor was any required on the face of the department's form. Therefore, this court finds that in this respect the form was

---

[5] In taxpayer's argument under this factor, it stated, "Let us be clear: Clatsop County is the party that is responsible for any award of attorney fees and costs in this case." This statement is ambiguous. If taxpayer intended to say that it is appropriate to look at the county's conduct in denying taxpayer's application to determine whether fees may be appropriate, taxpayer is correct. If, however, taxpayer intended to say that the county is financially obligated to pay any award of fees in this case, taxpayer is not correct. ORS 305.490(4)(b) provides that *the payment* of attorney fees shall be made by *the department*.

completely filled out, although perhaps not as detailed as it could have been.

As previously stated, the county denied taxpayer's application for property tax exemption for the rectory (taxpayer's application). In evaluating taxpayer's application, the county assessor did not request additional information. Taxpayer introduced evidence to show that the county would have denied taxpayer's application regardless of any additional information it might have obtained from taxpayer. This is purportedly because the county viewed the rectory as a residence and questioned whether a rectory not adjacent to taxpayer's church is reasonably related to the religious purposes of the church.

The county communicated its denial of exemption to taxpayer by letter (the denial letter). As the contemporaneous record of the reasons for denial of taxpayer's application, the court finds particularly relevant and discusses the language of the letter at length.

The letter acknowledged the stated purpose of taxpayer's rectory as a "Parish Rectory." The letter also compared the current rectory with taxpayer's previous rectory, which was closer to the church grounds.

The letter then quoted or discussed ORS 307.130, ORS 307.140, and case law interpreting ORS 307.130 and ORS 307.140 as it applies to residences. Of particular interest is the discussion in the denial letter of *Roman Catholic Archdiocese v. Dept. of Rev.*, 13 OTR 211, 213 (1995). That discussion is reproduced below:

> "In [*Roman Catholic Archdiocese*] the Plaintiff's Director of Clergy Services testified concerning the purpose and use of Roman Catholic Church rectories. He stated that the Archdiocese's goal is to have a rectory *on the grounds of each church where possible.* The archdiocese requires the continuous presence of a priest near the church so he may be available at all times to attend to the need of the parish. The rectory is one facility used by the priest to meet the needs of the parish.

> "The [prior rectory], formerly leased by St. Mary, Star of the Sea Catholic Church, met the stated goal (of proximity) as it was immediately adjacent to the church. The

[new rectory], *being approximately 1.5 miles away from the church, does not appear to meet the stated goal (of proximity)* and raises the question as to whether it meets the test of reasonable necessity for the accomplishment of religious objectives of the church.

"*Going further*, were the [new rectory] to meet the test of reasonable necessity for the accomplishment of religious objectives of the church, *it would need to meet the test of whether the actual use of the property is consistent with fulfilling the religious purposes of the church*. There is no documentation accompanying the Application for Real Property Exemption that would identify the actual use of the property as being consistent with fulfilling the religious purposes of the church."

(Emphases added.)

The letter indicates that the county denied taxpayer's application for two reasons. The first reason is that the distance of the rectory from the church did not appear to meet the goal stated in a prior case of having a rectory "on the grounds" of the church. The second reason is that, even if the distance from the church reasonably met that goal, there was no information provided with which the county could determine whether the rectory was actually being used for religious purposes.

Notably, taxpayer was informed to appeal the county's denial if taxpayer disagreed with the determination.

Notwithstanding the finality of that language, the county's Tax Court Rule (TCR) 39 C(6) deposition witness, John Solheim, stated that taxpayer "could come into [the county's] office" to "discuss the denial." However, the availability of such informal review was not communicated to taxpayer in the denial letter or otherwise.

2.  *Analysis*

The events giving rise to this litigation are interesting. Depending on how broad the appropriate field of vision is, the department, the county, *and* taxpayer could each be viewed as at least partially responsible for the need for litigation in this case.

The department's form, which was provided for use by taxpayers and counties, does not indicate that a taxpayer

requesting exemption should attach, in addition to the other items specifically requested, any additional documentation that taxpayer might consider necessary for the county to evaluate the application for exemption. Such language could have avoided litigation in this case and could avoid similar situations in the future twofold.

First, such language would put a taxpayer on notice to attach additional documentation if a taxpayer deemed such documentation to be necessary or helpful. Second, the county arguably may be required to request additional documentation if it determined that the lack of certain additional information rendered a taxpayer's application incomplete. *See* OAR 150-307-0190(4) (Providing that, "The assessor shall return any application that is incomplete to the applicant for completion.").

However, regardless of whether taxpayer was specifically instructed to attach additional documentation, the fact is that taxpayer chose not to include any such detail. Furthermore, taxpayer merely indicated that the use of the property was as a "Parish Rectory." Under the relevant case law, and even this court's decision in this case, not all parish rectories are exempt from taxation.[6] Therefore, one could reasonably expect a taxpayer to have included *some* amount of additional information to assist the county in its review of taxpayer's application.

Taxpayer argues the county was required to request further information from taxpayer before denying taxpayer's application. The authority for that assertion is OAR 150-307-0190(4) (previously OAR 150-307-162(1)(4)). OAR 150-307-0190(4) provides: "The assessor shall return any application that is incomplete to the applicant for completion."

---

[6] Taxpayer argues that the county denied taxpayer's application for exemption in large part because some dictionaries define a rectory as a residence, which the county considered not subject to exemption. However, notwithstanding the fact that the rectory in this case was actually determined to be exempt, there is no specific statutory exemption for religious residences. As seen in the analysis under the next factor, some religious residences are exempt from taxation and some are not. It is not improper for the county to subject religious residences, including rectories, to more scrutiny than the county would otherwise treat applications for exemption of other types of religious property.

However, taxpayer's application in this case was complete. All the requested fields and documents were completed or attached. OAR 150-307-0190(4) does not require the county to request clarification or further detail on use before denial, and therefore the county's failure to request additional information cannot be said to be improper.[7] Put another way, the fact that an application fails on its face to adequately support the claimed exemption does not mean that the application was incomplete.

However, the county also contributed to the need for litigation in this matter. Neither the county's denial letter nor any other communication from the county to taxpayer in this case informed taxpayer that it could discuss the denial with the county before filing a complaint in this court, even though such an informal discussion was permissible. Failure to inform taxpayer of the alternatives to litigation was likely a contributing factor to the need for litigation in this case.

Having made the observations above, it is now appropriate to discuss taxpayer's argument under this factor. Taxpayer argues at length in an attempt to show that the county acted arbitrarily and subjectively in denying taxpayer's application and declining to either investigate further (such as reviewing canon law) or to request additional documentation from taxpayer. The primary piece of evidence relied upon by taxpayer for this argument is the deposition transcript of John Solheim, which transcript was attached in full to taxpayer's motion for summary judgment in this case.

After reviewing the entirety of the deposition transcript, the court is not convinced that the county acted arbitrarily in denying taxpayer's application for exemption for the rectory. Moreover, to the extent that Solheim's deposition testimony raises questions as to the county's practices

---

[7] It appears that the county *could have* requested information to provide clarification. OAR 150-307-0190(5) contemplates such a request: "If the assessor returns an application for completion *or clarification*, the applicant must return the application to the assessor within 15 days of the date it was mailed to the applicant or by the filing deadline, whichever is later, for the assessor to accept the application as a timely filing." (Emphasis added.) However, nothing in the administrative rules cited by taxpayer *requires* the county to request *clarifying or additional information* from a taxpayer if the application is otherwise complete.

regarding the review of applications for exemption, the denial letter in this case is evidence tending to show that the county seriously considered taxpayer's application before denying it. However, for purposes of this order, it does not matter. Even if this court accepted taxpayer's reading of the transcript—and found that this factor supported an award of attorney fees—this court would still deny taxpayer's request on the basis of the other factors as applied to this case.[8]

## B.   *Factor B*

The second factor the court considers is "[t]he objective reasonableness of the claims and defenses asserted by the parties." ORS 20.075(1)(b).

There is no question in this case that taxpayer's claims were objectively reasonable—this court determined that taxpayer's rectory was completely subject to exemption. However, that does not mean that the department's arguments to the contrary were objectively unreasonable.

With respect to the defenses raised in this case, taxpayer argues:

> "The County's testimony was that its sole basis for denial of the exemption was its reference to a dictionary definition of the term 'rectory;' the County admitted that it disregarded the statutory criteria of ORS 307.140 and controlling case authority entirely. Accordingly, the record speaks for itself on this statutory element."

Taxpayer's argument under this factor is misplaced. Taxpayer confuses the analysis under factor A, which concerns the pre-litigation conduct of each party, with the analysis under factor B, which concerns the conduct of each party *during litigation*.

The department's argument in the Regular Division was that the rectory was not exempt because taxpayer's

---

[8] That is not to say that the pre-litigation conduct of a party is irrelevant or is weighed less than the other attorney fees factors. If the pre-litigation conduct of a party is exceptionally egregious, that fact alone could support an award of attorney fees notwithstanding whether other attorney fees factors weighed against an award of attorney fees. However, even if this court found that the county's conduct in this case was wrongful, that conduct is not so wrongful as to *ipso facto* require an award of attorney fees.

priest was not required to live in the rectory by religious doctrine or practical necessity, and residence in the rectory was not reasonably related to the religious purposes of taxpayer. The department gleaned these requirements from ORS 307.140, as interpreted by *German Apost. Christ. Church v. Dept of Rev.*, 279 Or 637, 569 P2d 596 (1977), and *Washington Co. Assessor II v. Jehovah's Witnesses* [hereinafter *Jehovah's Witnesses*], 18 OTR 409 (2006).

Specifically, the department argued that the priest was not required to live in the property by church doctrine, and that in any event the proximity of the rectory to the church was not necessary to further religious objectives. Both arguments focused at least in part on the fact that the rectory is 1.5 miles away from the church.

First, as to church doctrine, the department argued that church doctrine required the priest to live near the church. The department appears to have interpreted that requirement as limiting the rectory to being placed on or adjacent to church grounds. Because the rectory in this case was 1.5 miles away, the department argued that church doctrine did not support the priest living in the specific rectory in this case.[9]

Although the court considers the department's argument as to where the priest is permitted to reside under church doctrine to be too narrow, the court does not find such argument to be objectively unreasonable. The department cited the appropriate tenets of church doctrine and case law, and made a reasoned argument on the facts of this case.

Second, as to reasonable necessity, the department argued that the fact of taxpayer's priest living in a residence 1.5 miles away from the church was not reasonably related to the church's religious purposes. The department argued that the priest could prepare sermons and hold meetings at the offices in the church, and that the priest did not use the rectory often enough for meetings or religious purposes to

---

[9] The department similarly argued that the 1.5 mile distance from the church precluded a finding that the priest in this case was required to live in the rectory by practical necessity.

demonstrate its necessity. The department argued that the primary use of taxpayer's rectory was a residence for the priest, which use is not exempt under the governing law.

In support of these arguments, the department relied on cases from this court and the Supreme Court applying the exemption statutes to religious property including rectories, some of which held that the property was exempt from taxation and some of which held that the property was not exempt from taxation. *See, e.g.*, *German Apost. Christ. Church*, 279 Or 637 (residence not exempt except for office); *House of Good Shepherd v. Dept. of Rev.*, 300 Or 340, 710 P2d 778 (1985) (residence exempt); *Golden Writ of God v. Dept. of Rev.*, 300 Or 479, 713 P2d 605 (1986) (property including residence not exempt); *Washington County v. Dept. of Rev.*, 11 OTR 251 (1989) (residence not exempt except for study room); *Roman Catholic Archdiocese v. Dept. of Rev.*, 13 OTR 211 (1995) (residence exempt); *Jehovah's Witnesses*, 18 OTR 409 (residence not exempt).

This court ultimately rejected the department's position as to reasonable necessity in this case. However, the court does not consider the department's arguments or its use of authority to be objectively unreasonable. Again, the department made a reasoned argument on the facts in this case under the appropriate legal standard.

With respect to the county's arguments in the Magistrate Division, it is notable that the magistrate denied exemption, relying on many of the same cases relied upon by the department in the Regular Division.

It appears that taxpayer's argument under this factor is that because the court ultimately determined that the rectory was exempt from property tax, this factor supports an award of attorney fees. That proposition was rejected by the Supreme Court in *Clackamas Cty. Assessor v. Village at Main Street*, 352 Or 144, 152-56, 282 P3d 814 (2012). A taxpayer's victory, alone, is insufficient to support an award of fees.

This court concludes that the defenses tendered in the Magistrate Division and the Regular Division of the

court were objectively reasonable, and therefore this factor weighs against an award of attorney fees.

## C.  *Factor C*

The third factor the court considers is "[t]he extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases." ORS 20.075(1)(c).

This factor weighs against an award of attorney fees in this case. It is important to consider the court's holding. The court did not hold that all rectories are exempt. Rather, the court applied the statutory test for exemption of residences as found in *German Apost. Christ. Church*, 279 Or 637, and *Jehovah's Witnesses*, 18 OTR 409, and determined that *taxpayer's rectory* is exempt from taxation. Each case ultimately turns on its facts, and the court distinguished this case from other similar cases in which exemption was denied. *See, e.g.*, *Washington County*, 11 OTR 251; *Jehovah's Witnesses*, 18 OTR 409.

The court considers the defenses asserted by the department and the county to have been made in good faith, and an award of attorney fees in this case would deter taxing authorities in the future from asserting that exemptions should be denied. Further, and although it is not dispositive, it is relevant to the good faith nature of the department's and the county's defenses that taxpayer failed to initially prove its claim for exemption in the Magistrate Division.

## D.  *Factor D*

The fourth factor the court considers is "[t]he extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses." ORS 20.075(1)(d).

The court does not consider the department's defense in the Regular Division against taxpayer's claim of exemption to be meritless. Furthermore, taxpayer failed to prove its claim of exemption in the Magistrate Division, so such defense as was tendered cannot lightly be characterized as meritless. This factor does not apply.

E. *Factor E*

The fifth factor the court considers is "[t]he objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings." ORS 20.075(1)(e).

There is no evidence that the parties were unreasonable in their litigation of this case. The department agreed to scheduling changes, and stipulated to a number of facts that avoided a trial in this matter. This factor weighs against an award of attorney fees.

F. *Factor F*

The sixth factor the court considers is "[t]he objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute." ORS 20.075 (1)(f).

This factor does not support an award of attorney fees. In taxpayer's initial request for attorney fees, it stated that the department did not engage in meaningful settlement negotiations in the Regular Division.[10] The department responded that it had offered 10 percent exemption on the subject property as a potential settlement figure. That offer was not accepted, and taxpayer's counsel declared that he did not believe that 10 percent was a reasonable settlement offer.

Interestingly, the department purportedly proposed the 10 percent exemption figure because that was the approximate size of the home office in the rectory, which offer was based on the result in *German Apost. Christ. Church*, 279 Or at 639 (holding rectory office exempt). However, there is no evidence that the department informed taxpayer of the basis for its settlement offer. On the other hand, there is no evidence that taxpayer inquired as to the basis of the settlement offer.

The parties' difficulties in arranging settlement may demonstrate a failure to communicate, but it does not

---

[10] Neither party introduced evidence of any settlement discussions or lack thereof in the Magistrate Division.

demonstrate a lack of reasonableness on either side. Nor does it demonstrate a lack of diligence. This factor does not support an award of attorney fees.

### G.  *Factor G*

The seventh factor the court considers is "[t]he amount that the court has awarded as a prevailing party fee under ORS 20.190." ORS 20.075(1)(g). This court is not one of the courts listed in ORS 20.190 as being authorized or directed to issue a prevailing party fee. Accordingly, this factor does not apply to this court.

### H.  *Factor H*

The eighth and final factor the court considers is "[s]uch other factors as the court may consider appropriate under the circumstances of the case." ORS 20.075(1)(h).

The department has introduced evidence tending to show that assessors within Oregon were split on whether exemption should have been initially granted in this case. After taxpayer filed its complaint in the Magistrate Division, the county informed the department by email that the county believed this case to be a matter of statewide importance that would give guidance to assessors in the future, and requested either support in the litigation of the case or for the department to take over the entirety of the defense. In that email, the county stated that a "rough poll" showed 50 percent of assessors believed exemption was appropriate and 50 percent believed exemption was not appropriate.

Given that the department's and the county's arguments before the court were reasonable, even if incorrect, the court considers the desire to obtain clarity on the issue of exemption for rectories to be an understandable and acceptable motivation to litigate this case fully and to conclusion. This factor weighs against an award of attorney fees.

## IV.  CONCLUSION

Factors B, C, E, and H weigh against an award of attorney fees, and factor F does not support an award of attorney fees. Factors D and G do not apply. Assuming that the court found that fees were supported by factor A, the

court concludes in its discretion that an award of attorney fees is not appropriate in this case. The record shows that the issues in this litigation were reasonably raised and litigated. Because the court has determined that an award of attorney fees is not appropriate, there is no need to analyze whether the amount of fees requested by taxpayer is appropriate. Now, therefore,

IT IS ORDERED that Plaintiff's Request for Attorney Fees is denied.