LAGESEN, J.
*439 *342 This matter is before us on remand from the Supreme Court. Neumann v. Liles , 358 Or. 706, 369 P.3d 1117 (2016) ( Neumann II ). Plaintiff Neumann, and the wedding venue she operates, plaintiff Dancing Deer Mountain, LLC, sued defendant for defamation (among other claims) based on defendant's negative review of the venue on google.com. On defendant's motion under Oregon's Anti-Strategic Lawsuits Against Public Participation (anti-SLAPP) statutes, ORS 31.150 to 31.155, the trial court dismissed the case in its entirety. The first time that matter was before us, we reversed the trial court's judgment insofar as it dismissed plaintiff Neumann's defamation claim, concluding that she had adequately demonstrated that defendant's negative online review of the wedding venue operated by plaintiff was actionable under Oregon case law on defamation. Neumann v. Liles , 261 Or. App. 567, 580-81, 323 P.3d 521 (2014) ( Neumann I ). In so doing, we assumed without deciding that defendant properly raised his motion to dismiss under the anti-SLAPP statutes. Id . at 574-75, 323 P.3d 521. Our disposition of the appeal obviated the need to address defendant's cross-appeal, in which defendant contended that the trial court erred when it did not award him the full amount of attorney fees that he incurred litigating the anti-SLAPP motion.
The Supreme Court then allowed review of our decision "to determine how an actionable statement of fact is distinguished from a constitutionally protected expression of opinion in a defamation claim and whether the context in which a statement is made affects that analysis." Neumann II , 358 Or. at 710, 369 P.3d 1117. The Supreme Court ultimately adopted the framework established by the United States Court of Appeals for the Ninth Circuit in Unelko Corp. v. Rooney , 912 F.2d 1049 (9th Cir. 1990), cert. den. , 499 U.S. 961, 111 S.Ct. 1586, 113 L.Ed.2d 650 (1991), for assessing whether a statement published online is entitled to protection under the First Amendment to the United States Constitution. Analyzing defendant's online review under the Unelko framework, the Supreme Court concluded that defendant's review was constitutionally protected by the First Amendment because, when the review was viewed as a whole, a "reasonable factfinder could not *343 conclude that [the] review implies an assertion of objective fact," and because it spoke to a "matter[ ] of public concern." Neumann II , 358 Or. at 722, 369 P.3d 1117. Consequently, the review was not actionable and, contrary to our conclusion, the trial court had properly dismissed plaintiff Neumann's defamation claim. Id . The court then remanded to us "to resolve Neumann's argument that her claim is not subject to the provisions of Oregon's anti-SLAPP statute, and to resolve [defendant's] cross-appeal relating to the amount of attorney fees awarded by the trial court." Id . at 724, 369 P.3d 1117. We turn to that task. For the reasons explained below, we affirm on appeal and reverse and remand on defendant's cross-appeal challenging the trial court's attorney fee award.
The first question before us on remand is whether the anti-SLAPP statutes apply to this action at all. As the Supreme Court explained, we must address that question to determine whether defendant is entitled to recover attorney fees. Id . at 723, 369 P.3d 1117. Even though the court itself declined to address that question in Neumann II , its decision goes a long way toward resolving it.
ORS 31.150(2) identifies the four types of claims to which the anti-SLAPP procedures apply. It provides:
"A special motion to strike may be made under this section against any claim in a civil action that arises out of:
"(a) Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;
"(b) Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, *440 executive or judicial body or other proceeding authorized by law;
"(c) Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or
"(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."
*344 Defendant contends that all of plaintiffs' claims-all of which undisputedly "arise[ ] out of" defendant's act of posting a negative review on google.com-are claims that "arise[ ] out of" either (1) a "written statement * * * presented * * * in a place open to the public or a public forum in connection with an issue of public interest," ORS 31.150(2)(c), or (2)"other conduct in furtherance of the exercise of * * * the constitutional right of free speech in connection with a public issue or an issue of public interest," ORS 31.150 (2)(d). Plaintiffs, in response, contend that the anti-SLAPP statutes do not apply. However, as we noted in our original opinion, Neumann I , 261 Or. App. at 573-75, 323 P.3d 521, plaintiffs do not address the text of those provisions at all, let alone develop an argument addressing the pertinent statutory provisions under Oregon's well-established methodology under State v. Gaines , 346 Or. 160, 206 P.3d 1042 (2009), and PGE v. Bureau of Labor and Industries , 317 Or. 606, 859 P.2d 1143 (1993), for construing statutes. Instead, plaintiffs rely primarily on Illinois case law construing the Illinois anti-SLAPP statute-a statute that is written in different terms than Oregon's. See Neumann I , 261 Or. App. at 573-74, 574 n. 4, 323 P.3d 521 (summarizing plaintiffs' arguments).
In view of certain determinations made by the Supreme Court in reaching the conclusion that defendant's review is protected by the First Amendment, we conclude that plaintiffs' claims are subject to the anti-SLAPP procedures under the terms of ORS 31.150(2)(d). The plain text of that provision broadly authorizes the filing of an anti-SLAPP motion "against any claim in a civil action that arises out of * * * [a]ny * * * conduct in furtherance of * * * the constitutional right of free speech in connection with a public issue or an issue of public interest." ORS 31.150 (2)(d). Here, all of the claims presented raised in this civil action are based explicitly on-and therefore "arise[ ] out of"-defendant's conduct of publishing an online review on a public website expressing his opinion of plaintiff's wedding venue. The question, then, is whether that conduct (1) was "in furtherance of * * * the constitutional right of free speech," and, if so, (2) "in connection with a public issue or an issue of public interest."
*345 As to the first point, the Supreme Court explained in Neumann II that the First Amendment affords "full constitutional protection * * * to statements regarding matters of public concern that are not sufficiently factual to be capable of being proved false and statements that cannot reasonably be interpreted as stating actual facts." 358 Or. at 714, 369 P.3d 1117. That necessarily means that defendant's act of publishing such an opinion online qualifies as "conduct in furtherance of * * * the constitutional right of free speech" for purposes of ORS 31.150(2)(d). Simply put, under Neumann II , the right to post an opinion of that nature is part of the First Amendment right to free speech.
As to the second point, the Supreme Court held in Neumann II that defendant's review was on "a matter of public concern" for purposes of the First Amendment inquiry. Id . at 720, 369 P.3d 1117. The court explained:
"[Plaintiff] has not disputed that [defendant's] statements involve matters of public concern, and we readily conclude that they do. [Defendant's] review was posted on a publicly accessible website, and the content of his review to related matters of general interest to the public, particularly those members of the public who are in the market for a wedding venue. See Unelko , 912 F.2d at 1056 (Andy Rooney's statement on '60 Minutes' that a consumer product 'didn't work' involved a matter of public concern because it 'was of general *441 interest and was made available to the general public')."
Id .
In our view, the same reasoning dictates the conclusion that defendant's review was on an "issue of public interest" for purposes of ORS 31.150(2)(d). Nothing in the text, context, or legislative history of ORS 31.150 suggests that the legislature intended the phrase "issue of public interest" to be understood in any way other than its common-sense meaning. Under that common-sense meaning, an "issue of public interest" is one that is of interest to the public, and the Supreme Court has already explained why defendant's review is on a matter that is of interest to the public (particularly to those members of the public looking for a wedding venue). For those reasons, the trial court correctly concluded *346 that the claims alleged in this civil action were subject to the anti-SLAPP statutes.
The remaining issue before us on remand is defendant's challenge to the trial court's attorney fee award. Because we have concluded that the trial court properly determined that this action was subject to Oregon's anti-SLAPP statutes, the court was authorized to award attorney fees to defendant pursuant to ORS 31.152(3), as it did. In his cross-appeal, however, defendant contends that the court erred when it did not award him the full amount of fees requested ($11,527.50) but, instead, awarded only $8,000. Although the court concluded that defendant's lawyer spent a reasonable number of hours on the case and that she charged a reasonable hourly rate, it reasoned that $8,000 was an appropriate fee award under the circumstances of the case. The court did so based on its determination that the amount at stake in the case was only $7,500:
"While the number of hours charged to the case were reasonable[,] the Court finds from a review of the pleadings that the amount sought in the complaint was only $7,500.00 because plaintiffs were only entitled to one satisfaction of damages no matter how many competing theories of recovery the same damages are sought under. Further, by invoking a right of recovery of attorney fees under ORS 20.080, Plaintiffs were necessarily alleging that their aggregate claim did not exceed $7,500.00. Steele v. A & B Automotive & Towing Service , 135 Or. App. 632 [899 P.2d 1206] (1995). The Court finds that a reasonable attorney fee[ ] * * * should not greatly exceed the amount of the claim."
In his cross-appeal, defendant argues that the trial court erred in two respects. First, defendant contends that the court erred when it concluded that the action sought only $7,500 in total based on the fact that the complaint recited ORS 20.080. Second, defendant contends that the court's statement that reasonable attorney fees "should not greatly exceed the amount of the claim" is contrary to law. In response, plaintiffs more or less adopt the court's reasoning, asserting that it was not an abuse of discretion under the factors in ORS 20.075 for the court to conclude that $8,000 *347 was an appropriate amount of fees. Plaintiffs do not respond directly to defendant's argument that the court erred when it concluded that the complaint sought a maximum of $7,500 total by virtue of its citation to ORS 20.080, although plaintiffs characterize their "claim" as being for $7,500. As for the amount of the attorney fee award in relationship to the amount of plaintiffs' claims, plaintiffs point out that ORS 20.075(2)(d) directs the trial court to consider "[t]he amount involved in the controversy and the results obtained," and argue that a bill for $11,527.50 in attorney fees on a claim worth $7,500 is not reasonable.
On review of the record, we conclude that the trial court erred when it treated $7,500 as the "amount involved in the controversy" for purposes of evaluating the reasonableness of defendant's claim for attorney fees. By its plain terms, the complaint sought $7,500 in damages for each of the two plaintiffs. The complaint alleged two distinct claims on behalf of plaintiff Neumann and two distinct claims on behalf of plaintiff Dancing Deer. It distinctly alleged that each plaintiff had suffered $7,500 in damages as a result of defendant's conduct. And the prayer stated that each plaintiff was seeking damages in the amount of $7,500:
*442 "WHEREFORE, Plaintiff Carol Neumann prays for judgment against Defendant in the sum of $7,500 for both economic and non-economic damages, and for her costs, disbursements and attorney fees incurred herein, and
"Plaintiff Dancing Deer Mountain prays for judgment against Defendant in the amount of $7,500 and for its costs, disbursements and attorney fees incurred herein."
Although, as the trial court observed, it is true that each plaintiff separately pleaded that ORS 20.080 authorized each plaintiff to recover attorney fees, in the context of this case, that allegation does not suggest that the two plaintiffs were seeking a combined $7,500. In their response to defendant's petition for attorney fees, plaintiffs characterized their complaint as seeking "$7,500 for each of the two plaintiffs." Perhaps more significantly, plaintiffs' pretrial demand letter to defendant, which was submitted to the *348 court in connection with the anti-SLAPP motion, indicated that each plaintiff was seeking $7,500 from defendant.[1]
Under those circumstances, the trial court erred when it treated the amount at stake in the action as $7,500 when evaluating the reasonableness of defendant's attorney fee request. Even allowing for the possibility that the complaint reasonably might be construed to seek only $7,500, when the complaint is viewed in connection with plaintiffs' demand letter, those documents signaled to defendant that the amount that the two plaintiffs were seeking was $7,500 each, for a total of $15,000. For that reason, the reasonableness of defendant's request for attorney fees should be assessed with that amount in mind because that is what plaintiffs indicated the stakes were, through both their pleadings and demand letter. We therefore reverse and remand on the cross-appeal for the trial court to conduct that assessment. We do not address defendant's other claim of error with respect to the attorney fee award because it is not necessary in light of our disposition, and the issue does not seem likely to arise on remand.
Affirmed on appeal; reversed and remanded on cross-appeal.

At the time, plaintiffs' lawyer indicated that he was considering filing suit not only on behalf of plaintiffs, but also on behalf of one additional party. The demand letter stated:
"Demand is hereby made for $7,500 to each of my three clients to resolve their claims. If you do not pay the sum of $7,500 to each of my three clients on or before December 24, 2010, lawsuits for that sum will be filed against you by each client. In that event, my clients will be entitled to recover their costs, disbursements, and attorney fees if they prevail in their actions."