Submitted on the briefs September 9, judgment of Tax Court affirmed
December 15, 2022

Mickey JIMENEZ
and Theresa L. Jimenez,
*Plaintiffs-Appellants,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant-Respondent.*

(TC 5422) (SC S069204)

522 P3d 522

Taxpayers, who did not dispute that they had in fact been paid substantial wages in tax years 2016-18, contended in the Tax Court that they owed no Oregon income tax for those years. They argued that the federal income tax applies only to wages of public officials or corporate officers; that the federal income tax applies only to the exercise of a federal privilege; and that the Sixteenth Amendment to the United States Constitution does not authorize an income tax unless apportioned among the states based on population. Taxpayers also argued that, by issuing them a tax refund for tax year 2018, the Internal Revenue Service (IRS) had agreed that one or more of those arguments was meritorious, and that the state was bound by that determination. The Tax Court rejected those arguments. Additionally, the court concluded that the arguments were not objectively reasonable and awarded the Department of Revenue a $4,000 penalty under ORS 305.437. Taxpayers appealed only the penalty award. *Held*: (1) The IRS refund was not an objectively reasonable basis to argue against taxpayers' tax liability; (2) taxpayers did not contest the Tax Court's conclusion that their other arguments were not objectively reasonable; and (3) even if taxpayers had made at least one objectively reasonable argument, ORS 305.437 does not require that every position taken by a taxpayer be frivolous to trigger the Tax Court's obligation to impose a penalty.

The judgment of the Tax Court is affirmed.

En Banc

On appeal from the Oregon Tax Court.

Robert T. Manicke, Judge.

Theresa L. Jimenez and Mickey Jimenez, Portland, filed the briefs *pro se.*

Denise G. Fjordbeck, Assistant Attorney General, Salem, filed the brief for respondent. Also on the brief were Ellen F.

Rosenblum, Attorney General; Benjamin Gutman, Solicitor General; and Samuel B. Zeigler, Assistant Attorney General.

DeHOOG, J.

The judgment of the Tax Court is affirmed.

**DeHOOG, J.**

ORS 305.437 requires the Oregon Tax Court to impose a "penalty" of up to $5,000 when a taxpayer has taken a "position" in a Tax Court proceeding that "is frivolous or groundless." Taxpayers, who did not dispute that they had in fact been paid substantial wages in tax years 2016-18, nevertheless contended in the Tax Court that they owed no Oregon income tax for those years. The Tax Court concluded that their arguments in support of that contention were frivolous and therefore warranted a penalty under ORS 305.437. Accordingly, the court ordered taxpayers to pay the Department of Revenue (department) a penalty of $4,000. Taxpayers now appeal, challenging only the penalty award. We affirm the judgment of the Tax Court.

## I.   FACTS

In this case, the Tax Court sanctioned taxpayers for their legal contentions regarding their income tax liability for tax years 2016, 2017, and 2018. As the facts are not disputed,[1] we take them from the summary judgment record and the Tax Court's decision.

### A.   *Wages, Salary, or Other Compensation*

For tax year 2016, taxpayers received Internal Revenue Service (IRS) Form W-2, Wage and Tax Statements, showing that one of them, Mrs. Jimenez, had been paid "wages, tips, [or] other compensation" by her employers totaling $55,758.73.

For tax year 2017, taxpayers received W-2s showing that they had been paid wages by their employers totaling $81,825.89.

---

[1] The Tax Court's ruling explained:

"[Taxpayers] do not dispute the authenticity of the copies in the record of W-2s, returns and other filings and correspondence with [department]. [Taxpayers] nowhere deny that they worked for the employers shown on the W-2s or that those employers paid them the amounts shown for their services. [Taxpayers'] motion does recite as part of their 'Statement of Facts' that they 'had no federal tax liability for the tax years at issue, thus had no taxable "income" or "wages" in accordance with relevant Revenue Laws.' The court views the question whether [taxpayers] had federal taxable income as a legal issue, rather than a factual issue, and the court concludes that no issue of material fact exists in this case."

For tax year 2018, taxpayers received W-2s showing that they had been paid wages by their employers totaling $131,594.82.

Taxpayers have never disputed the fact that those sums were paid to them by their employers.

B.    *Tax Returns; Tax Court Proceedings*

Taxpayers filed tax returns for tax years 2016 and 2017. Those initial tax returns disclosed taxpayers' wages as reported in their W-2s and calculated taxpayers' income tax accordingly.

In August of 2019, taxpayers filed amended state and federal tax returns for 2016 and 2017, as well as their initial state and federal tax returns for 2018. Their tax returns showed adjusted gross income of $0 and taxable income, both state and federal, of $0. Taxpayers sought a refund of all income taxes paid, state and federal, for all three years.

The department sent notices of denial for taxpayers' amended 2016 and 2017 state tax returns. For the 2018 state tax return, the department issued a notice of deficiency for unpaid state income taxes. Taxpayers objected, and the department issued written determinations rejecting their objections.

Taxpayers appealed the department's action to the Magistrate Division of the Tax Court. The magistrate rejected their arguments and imposed a $500 penalty under ORS 305.437 on the ground that their arguments were frivolous. (Because the Magistrate Division is not a court of record, *see* ORS 305.430(1), no details are available to us from the proceedings before that court.)

Taxpayers then appealed to the Regular Division of the Tax Court. *See* ORS 305.501(5)(a) (authorizing appeals from Magistrate Division to Regular Division).[2] The Tax

---

[2] The Tax Court is a single court with two divisions: the Magistrate Division and the Regular Division. *See Village at Main Street Phase II v. Dept. of Rev.*, 356 Or 164, 167, 339 P3d 428 (2014) (so explaining). For purposes of this opinion, we will generally use "Tax Court" to refer to the Regular Division.

Court hears such matters *de novo* as "original, independent proceedings." ORS 305.425(1). Taxpayers and the department filed cross-motions for summary judgment. Taxpayers argued that the federal income tax laws were either unconstitutional or so limited as to not apply to them and that they therefore owed no federal income tax. And because a person's state income tax liability is based on federal income tax law (*see, e.g.*, ORS 316.022(6) and ORS 316.048), taxpayers maintained that they likewise had no state income tax liability.

In its summary-judgment ruling, the Tax Court addressed each of taxpayers' four main arguments and explained why, in the court's view, each was incorrect. Taxpayers had first contended that the statutory definition of "wages" in the Internal Revenue Code (Title 26, United States Code) was "limited to compensation for the performance of functions of a public office[.]" The Tax Court held that taxpayers' interpretation of the statutory term "wages" was legally incorrect and that, in any event, the compensation that they admitted having received would fit the broader definition of taxable "income."

Second, taxpayers had argued that both state and federal income taxes "'are exclusively an excise tax on the gainful exercise or enjoyment of federal privileges,'" and contended that they had not availed themselves of any such federal privilege. The court explained that "[n]othing in state or federal law limits the income tax base to gain from the exercise of any federal privilege." *See* US Const, Amend XVI (authorizing tax "on incomes, from whatever source derived"); 26 USC § 61(a) (defining "gross income" as "all income from whatever source derived").

Third, taxpayers had asserted that the federal income tax was unconstitutional as a "'federal capitation[]'" and a "'direct tax[]'" that, they maintained, could be imposed only if apportioned among the states based on population. The Tax Court noted that their argument was directly contradicted by the text of the Sixteenth Amendment, which authorizes Congress "to lay and collect taxes on incomes *** without apportionment among the several States, and without regard to any census or enumeration." US Const,

Amend XVI. Further, the Tax Court cited several court decisions holding that the argument was "absurd, frivolous, and devoid of any arguable basis in law."

Finally, taxpayers had made a derivative argument, one that effectively depended on at least one of their other three assertions having arguable merit. Based on an IRS account transcript for tax year 2018, they had noted that the IRS had paid them the full refund that they had requested for 2018 based on their declared taxable income of $0. Taxpayers reasoned that the IRS had accepted one or more of their underlying arguments and agreed with taxpayers that they had no federal income tax liability. Accordingly, taxpayers maintained, they likewise were not liable for state income tax. The Tax Court rejected that argument as well, citing authorities that indicated that the IRS's payment of a refund did not reflect a final decision on the merits of a taxpayers' claim because, among other things, the IRS has legal authority to recover a refund even years into the future. *See* 26 USC § 6501(a), (c) (general assessment period is three years from filing of return, with no limitation period if taxpayer intended to evade tax). Moreover, the court held, even if the IRS had made a final determination, it would not be binding on the Tax Court.

For those reasons, the Tax Court granted summary judgment for the department. The court then turned to the department's request for a penalty under ORS 305.437. That statute states that the Tax Court "shall" award a penalty when a party has taken a position in the court that has "no objectively reasonable basis." ORS 305.437(1) (imposing duty to award penalty); ORS 305.437(2)(a) (defining "frivolous"). The court concluded that all of taxpayers' arguments lacked an objectively reasonable basis. Because taxpayers had maintained their unreasonable arguments throughout the proceeding, the court awarded a penalty of $4,000 under ORS 305.437.

Taxpayers now appeal to this court, making only one assignment of error: that the Tax Court erred in awarding the $4,000 sanction under ORS 305.437. They argue that a sanction is not permitted if even one of a taxpayer's positions is not frivolous, which they argue is the case here.

## II.   ANALYSIS

We review the Tax Court's conclusions of law for errors of law. ORS 305.445; *Khalaf v. Dept. of Rev.*, 368 Or 563, 569, 495 P3d 1258 (2021).

The Tax Court's statutory obligation to award a sanction is found in ORS 305.437. That statute provides, in part:

"(1)   Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, a penalty in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. ***

"(2)   As used in this section:

"(a)   A taxpayer's position is 'frivolous' if there was no objectively reasonable basis for asserting the position.

"(b)   'Position' means any claim, defense or argument asserted by a taxpayer without regard to any other claim, defense or argument asserted by the taxpayer."

If the statutory conditions have been met, the Tax Court's duty to award the penalty is mandatory. *See* ORS 305.437(1) (under listed circumstances, "a penalty *** *shall* be awarded to the Department of Revenue by the Oregon Tax Court" (emphasis added)).

Taxpayers contend that the statutory conditions warranting a penalty have not been met here. They argue that ORS 305.437 does not apply if a taxpayer has made at least one objectively reasonable argument. Taxpayers reason that the IRS's payment of their requested refund amounted to a federal determination that one of the legal positions that they took in the Tax Court had arguable merit, or so they could reasonably believe. Specifically, they assert that their derivative argument—that, by issuing a refund for tax year 2018, "'the IRS [had] formally indicated that we do not owe federal *** tax and therefore we do not owe the debt [that Oregon] unlawfully exacted'"—was objectively reasonable. And, taxpayers reason, because at least that one argument

was objectively reasonable, the Tax Court erred in imposing any penalty.

As we will explain, taxpayers' argument fails for two reasons. First, the fact that the IRS had issued them a refund was not an objectively reasonable basis to argue against taxpayers' tax liability. Second, ORS 305.437 does not require that every position taken by a taxpayer be frivolous to trigger the Tax Court's obligation to impose a penalty.

A.  *Whether Taxpayers' Position Regarding the IRS Refund Was Objectively Reasonable*

Before turning to taxpayers' specific contention regarding the IRS refund, we note again that taxpayers do not dispute that each of their other arguments was frivolous. That is, they do not contend on appeal that there was any objectively reasonable basis for their arguments that federal income tax applies only to wages of public officials or corporate officers; that federal income tax applies only to the exercise of a federal privilege; or that the Sixteenth Amendment does not authorize an income tax unless apportioned among the states based on population. That implicit concession is well taken, as those arguments are all contradicted by the plain text of the Sixteenth Amendment or the relevant statutes, as noted above.

Taxpayers only contend that their position regarding the IRS refund was objectively reasonable. However, taxpayers' contention regarding the IRS refund is essentially derivative of their concededly meritless arguments. That is, taxpayers contend that the IRS, by giving a refund for a single tax year, transformed one or more of those undisputedly meritless positions into a position that was objectively reasonable. Citing *Shannon v. Moffett*, 43 Or App 723, 604 P2d 407 (1979), taxpayers contend that the binding effect of a federal agency decision on state court proceedings is an open question under Oregon law. Taxpayers conclude, therefore, that it was objectively reasonable for them to argue before the Tax Court that the IRS's decision to give them a tax refund meant that they had no state income taxes due.

By relying on *Shannon*, which addressed collateral estoppel, taxpayers appear to invoke the doctrine of

issue preclusion.[3] Under that doctrine, "[i]f one tribunal has decided an issue, the decision on that issue may preclude relitigation of the issue in another proceeding." *Nelson v. Emerald People's Util. Dist.*, 318 Or 99, 104, 862 P2d 1293 (1993). Administrative adjudications can, under some circumstances, be given preclusive effect, "provided that the tribunal's decision-making processes include certain requisite characteristics." *Drews v. EBI Companies*, 310 Or 134, 142, 795 P2d 531 (1990).

However, even if we were to assume that the IRS's processing of a tax return could be an adjudication and that some IRS adjudications could satisfy the requirements for issue preclusion with respect to state court proceedings, we would conclude that taxpayers' reliance on that principle is meritless here. The IRS's issuance of a refund does not meet the requirements of issue preclusion. Among other things, issue preclusion requires that the issue was "essential to a final decision on the merits in the prior proceeding." *Nelson*, 318 Or at 104. The IRS's mere issuance of a refund is not final even as to the IRS itself, because the IRS can later bring an action against the taxpayer to recover the refund. *See* 26 USC § 7405 (expressly authorizing civil actions to recover erroneous tax refunds). If the refund is not even binding on the IRS itself, it certainly cannot bind Oregon state courts.

Moreover, taxpayers' own evidence of the refund— the IRS account transcript for the 2018 tax year—shows that the IRS was in the process of questioning the propriety of the 2018 refund. The IRS account transcript is dated July 21, 2021. It does show "[r]efund issued" on October 25, 2019, as taxpayers noted—but there are additional entries. The next entry, dated March 3, 2020, is "[r]efund freeze." The final entry, on December 7, 2020, is "[r]eview of unreported income." Thus, although the record does not show the final resolution of the IRS's review, it does demonstrate that the IRS did not consider itself to have made the determination that taxpayers attribute to it: that one or more of taxpayers' legal positions had merit.

---

[3] This court uses the more contemporary term "issue preclusion" rather than "collateral estoppel." *Nelson v. Emerald People's Util. Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993).

We therefore agree with the Tax Court. Whatever taxpayers' subjective understanding of the IRS's decision may have been, there was "no objectively reasonable basis" for any of the legal positions that they took in the Tax Court. ORS 305.437(2)(a). All those positions were therefore "frivolous."

B.   *Whether ORS 305.437 Requires All of a Taxpayer's Positions to be Frivolous*

The other premise underlying taxpayers' argument that ORS 305.437 does not permit a sanction here is that a sanction is authorized only if every position taken by a taxpayer is frivolous. Given our conclusion that each of taxpayers' positions before the Tax Court was, in fact, frivolous, that argument is misplaced. But, in any event, that argument also is belied by the plain text of the ORS 305.437. Paragraph (2)(a) defines a position as "frivolous" when there is "no objectively reasonable basis for asserting the position." But "position" is also a defined term:

> "'Position' means any claim, defense or argument asserted by a taxpayer without regard to any other claim, defense or argument asserted by the taxpayer."

ORS 305.437(2)(b).[4] Thus, if a taxpayer presents a claim, defense, or argument that has no objectively reasonable basis, it is frivolous, "without regard to any other claim, defense or argument" that the taxpayer may assert.

C.   *Remaining Arguments*

Taxpayers make two final arguments. First, taxpayers make a passing argument against the amount of the sanction, claiming that it was error for the Tax Court to sanction them $4,000 when the magistrate had sanctioned them only $500. We reject that contention. As noted, the Tax Court proceeding is *de novo*. ORS 305.425(1). The Tax Court thus was not bound by the magistrate's decision. *See Village*

---

[4]   The legislature amended the statute in 2009 to include a definition of "position." Or Laws 2009, ch 640, § 5. It thus overruled our decision in *Dept. of Rev. v. Croslin*, 345 Or 620, 633-34, 201 P3d 900 (2009) (because ORS 305.437 did not then define "position," court had concluded that term meant "the entirety of a taxpayer's assertions, that is, all the taxpayer's claims, defenses, and supporting arguments in the proceeding").

*at Main Street Phase II v. Dept. of Rev.*, 356 Or 164, 168, 339 P3d 428 (2014) ("The Regular Division is to * * * reach its own independent conclusions in any given case." (Internal quotation marks and citation omitted.)).

Next, taxpayers claim that the award of a sanction violates their First Amendment right to petition for redress of grievances. That argument is not properly before us. First, it was not raised before the Tax Court. *See, e.g.*, ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court[.]"). Second, even in this court, taxpayers did not raise that issue until filing their reply brief, thus denying the department a chance to respond. *See id.* (preservation of error also requires that the matter be "assigned as error in the opening brief"); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380 & n 4, 823 P2d 956 (1991) (when issue is presented for first time in reply brief, respondent has no obligation to move to strike or to seek opportunity to respond).[5]

### III.   CONCLUSION

For the foregoing reasons, we agree with the Tax Court that taxpayers' positions were frivolous and that a sanction under ORS 305.437 was therefore required.  We further conclude that the Tax Court did not err in determining that a sanction in the amount of $4,000 was appropriate.

The judgment of the Tax Court is affirmed.

---

[5]  Taxpayers also argue that preservation does not apply to arguments regarding constitutional rights. Taxpayers are mistaken. *See, e.g.*, *State v. K.A.M.*, 361 Or 805, 809 n 2, 401 P3d 774 (2017) ("[Y]outh did not raise a Fourth Amendment argument in the Court of Appeals. Having lost in that court, he cannot rely on the Fourth Amendment as a basis for reversing the Court of Appeals decision."); *State v. Cabanilla*, 351 Or 622, 631 n 10, 273 P3d 125 (2012) ("Defendant himself never made those or any other constitutional arguments in the trial court or on appeal in this case. They are not preserved and we do not address them."); *see also United States v. Olano*, 507 US 725, 731, 113 S Ct 1770, 123 L Ed 2d 508 (1993) ("No procedural principle is more familiar to this Court than that a constitutional right, or a right of any other sort, may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." (Internal quotation marks and citation omitted.)).