IN THE OREGON TAX COURT
REGULAR DIVISION
Property Tax

| | | |
|---|---|---|
| JERRY M. LINSTROM, | ) | |
| | ) | |
| Plaintiff, | ) | **TC 5459** |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LINCOLN COUNTY ASSESSOR, | ) | **ORDER ON COSTS AND** |
| | ) | **DISBURSEMENTS; ATTORNEY FEES;** |
| Defendant-Intervenor. | ) | **PENALTY** |

The court dismissed this property valuation case at trial pursuant to Tax Court Rule

(TCR) 60.  The court then issued a written order upholding the real market value (RMV) on the

roll.  *Linstrom v. Dept. of Rev.*, __ OTR __ (Mar 11, 2024) (slip op at 4); 2024 WL 1047322

(March 11 order).  In response to prior written and oral motions by Defendant-Intervenor (the

county), the March 11 order also directed the county and Defendant (the department) to submit

written statements of any costs and disbursements and attorney fees for possible inclusion in the

trial judgment, along with briefs applying relevant statutory factors to the facts.  *Id.* (slip op at 5).

The county has moved for costs and disbursements of $328.02 under TCR 68 and attorney fees

of $5,433.75 under ORS 20.105(1).[1]  (Inv's Br Re Atty Fees and Costs at 2, 4.)  The department

has not moved for costs and disbursements.  It has moved for $990 in attorney fees. (Def's Br

Supp Reqst Atty Fees at 1.)

_____

[1] The court's references to the Oregon Revised Statutes (ORS) are to the 2023 edition.

Based on the submissions by the county and the department, and on Plaintiff's response, the court concludes that it must award the county's requested costs and disbursements and a portion of the county's and the department's respective attorney fees because Plaintiff made objectively unreasonable arguments. *See* TCR 68 (court "shall" award reasonable costs and disbursements to prevailing party); ORS 20.105(1) (court "shall" award reasonable attorney fees to prevailing party if "no objectively reasonable basis" for claim). The court also concludes that, within the monetary range of penalty required under ORS 305.437, the amount of $300 is the appropriate amount in this case. *See* ORS 305.437 (court "shall" award penalty not to exceed $5,000 if taxpayer maintains a position that is frivolous or groundless).

## I. PREVAILING PARTIES

Plaintiff seems to assert alternatively that either (1) the county and the department are not prevailing parties or (2) Plaintiff is the prevailing party because he received a substantial reduction in the value of his property. (Ptf's Resp Inv's Mot Atty Fees and Costs at 3 (stating that this "court ruled[] that neither party prevailed").) Plaintiff misreads the court's March 11 order, and the court now explains why the county and the department--not Plaintiff--are prevailing parties.

Plaintiff initiated a lawsuit, first in the Magistrate Division, and again in this division. *Linstrom v. Dept. of Rev.*, __ OTR __ (Mar 11, 2024) (slip op at 1); 2024 WL 1047322. When he filed his complaint in the Magistrate Division, the RMV on the roll was $72,130, as originally determined by the assessor and later upheld by the local board of property tax appeals. *Id*. Plaintiff sought a reduction below the roll RMV, to $47,000 or $49,000. *Id*. at 1-2. Plaintiff had the burden of proving any such reduction, and the county's task as to that reduction was to

defend against it.  *See PacifiCorp v. Dept. of Rev.*, __ OTR __ (July 17, 2023) (slip op at 27); 2023 WL 4571446 at *14 (Or Tax, July 17, 2023) (appeal pending) (discussing burden of proof).

When defending against Plaintiff's claim in the Magistrate Division, the county argued for an RMV exceeding the value on the roll ($102,500), and, following a trial, the magistrate agreed with the county.  *Linstrom v. Dept. of Rev.*, __ OTR __ (Mar 11, 2024) (slip op at 1-2); 2024 WL 1047322.  However, when Plaintiff appealed "*de novo*" to this division, the case began "anew," meaning that each party once again had the burden of proving a value different from the value on the roll ($72,130).  ORS 305.425 (prescribing *de novo* treatment in this court).  Plaintiff again had the burden of proving a reduction, and the county's task again was to defend against any reduction.

At trial in this division, Plaintiff put on his case first, but he failed to show any evidence supporting a reduction of the roll value.  *Linstrom v. Dept. of Rev.*, __ OTR __ (Mar 11, 2024) (slip op at 2-3); 2024 WL 1047322.  When Plaintiff had finished, the county made a decision to move for dismissal under TCR 60, which would have the effect of sacrificing the county's right to try to prove any increase over the roll value, but which limited the risk of any reduction to the roll value.  *Id*. at 3.  The court granted the county's motion.  *Id*.  Therefore, the county is a prevailing party because Plaintiff failed to prove any reduction against the roll value, and because the county prevailed on the motion that ended the case on the county's terms.  *See Mantia v. Hanson*, 190 Or App 36, 45, 77 P3d 1143 (2003) (concluding that "a prevailing party in the proceeding" means a party that prevails "in the proceeding generally--and not merely succeeding on a particular claim").

The department, as the statutory defendant and as supervisor of the state's property tax system, is also a prevailing party, and its decision to allow the county to intervene and lead the

defense does not change that.  *See* ORS 305.501(5)(c) (stating department "shall be the defendant" in a property tax case appealed by taxpayer from Magistrate Division); ORS 306.115(1) (stating department's supervisory authority); *Mantia*, 190 Or App at 44 ("ORS 20.105 refers to '*a*' prevailing party in the proceeding, not '*the*' prevailing party.  The use of the indefinite article contemplates that there could be more than one prevailing party * * *.") (emphases in original).

## II.  COSTS & DISBURSEMENTS

This court "shall" allow "reasonable and necessary expenses incurred in the prosecution or defense of an action" to "the prevailing party."  TCR 68 B.  The court now considers whether the county's requested costs and disbursements are reasonable and necessary.  TCR 68 A(2) provides a list of examples of reasonable and necessary expenses incurred in a case.  The amounts requested by the county are for items consistent with the examples, including printing and mailing documents related to the case to Plaintiff, office supplies, and mileage and parking for the trial.  (Inv's 1st Decl of Gardner, Ex D at 1-3.)

Plaintiff has not objected to the reasonableness or necessity of the amounts.  (*See* Ptf's Resp Re Atty Fees and Costs at 3 ("The court ruled[] that neither party prevailed, therefore the Intervener's Exhibit A through E for Attorney Fees and Cost [sic] should be DENIED, as all parties should absorb their own costs occurred [sic] in Case 5459.").)  *See YU Contemporary, Inc. II v. Dept. of Rev.*, 22 OTR 511, 514-15 (2017) (finding costs were both reasonable and necessary when party opposing costs had not explained why the nature or amount of costs requested were not "reasonable" or "necessary").  The county's request for $328.02 worth of reasonable and necessary costs and disbursements is therefore granted.  *Seneca Sustainable*

*Energy LLC III v. Dept. of Rev.*, 23 OTR 22, 25-26 (2018) (*Seneca*) (granting taxpayer's request for costs and disbursements for similar expenses when the department did not specifically object to them).

## III.  ATTORNEY FEES

The court "shall" award reasonable attorney fees to a prevailing party to be paid by the party that put forward claims that had "no objectively reasonable basis."  ORS 20.105.  The test for objective reasonableness is whether a claim or defense is "entirely devoid of legal or factual support based on the substantive law governing the claims at the time he proceeded in this division." *Patton I v. Dept. of Rev.*, 18 OTR 111, 126-27 (2004) (adopting standard used by Oregon Court of Appeals for "no objectively reasonable basis" and concluding that taxpayer's position had no objectively reasonable basis for his argument that was inconsistent with clear and unequivocal prior holdings of this court).

Plaintiff maintained five positions in this appeal:

1.      Improvement size.  Plaintiff argued that the "size of the walkway, ramp, and dock on the Property is 742 square feet instead of 1,321 square feet, due to 'downsizing' that occurred in June 2020[.]"

2.      Property class code.  Plaintiff argued that the "property class code of the Property is not 401, but is 01 or 001[.]"

3.      Land size.  Plaintiff argued that the "land size of the Property is not 5,028 square feet, but instead is 3,750 square feet[.]"

4.      "Riverfront," not "residential."  Plaintiff argued that the "property is not 'residential,' but instead is 'riverfront' property[.]"

5.      "Septic-denied."  Plaintiff argued that the "property is 'septic-denied, non/unbuildable.'"

*See Linstrom v. Dept. of Rev.*, __ OTR __ (Dec 5, 2023) (slip op at 2). (Ptf's Post-Trial [sic] Menoranda [sic] (Pretrial Memo) at 1-2.)

At a basic level, all of Plaintiff's claims were devoid of both legal and factual support. Plaintiff's sole issue within the jurisdiction of this court was the RMV of his property. He testified and argued at trial for several hours about his five positions, but he failed to provide evidence that any of them diminished the value of his property. Nor could he have done so, because he appeared at trial without an appraiser and put on no evidence that his property was worth any particular dollar value. This failure suffices to make Plaintiff's positions objectively unreasonable.

Having concluded that an award of attorney fees is required by ORS 20.105, the court must consider the amount to award. The court considers first whether any items in the billings to the county or to the department are not "reasonable." *See, e.g., Hoggard II v. Dept. of Rev.*, 23 OTR 543, 552-53 (2019) (awarding attorney fees in favor of taxpayer, except denying taxpayer's estimated attorney fee for time needed to take judgment debtor examination of department to ascertain collectability of rest of attorney fees awarded). Here too, Plaintiff has not objected to the reasonableness or necessity of the amounts, and the court sees no basis to disallow any specific items.

The court next considers the 17 factors in ORS 20.075(1) and (2), as required by ORS 20.075(2). The court will consider whether each factor weighs in favor of, or against, awarding the requested amounts of attorney fees.

A.    *Factors Under ORS 20.075(1)*

1.  Factor (1)(a) – Prelitigation Conduct

The first factor is the "conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal." ORS 20.075(1)(a). "This factor addresses the prelitigation conduct of the

parties." *Seneca*, 23 OTR at 28. The county asserts that Plaintiff "has brought up the same issues * * * regarding the subject property for multiple years [and] has never once even alleged or attempted to prove that any of the issues would * * * reduce the RMV of the subject property." (Inv's 1st Decl of Gardner at 4.)

The court is not generally inclined to treat a prior appeal as bad prelitigation conduct, particularly without evidence that the court awarded costs, disbursements, attorney fees, or any penalty in the prior appeal.[2] The court concludes that the "prelitigation conduct" factor weighs neither in favor of nor against awarding the requested amount of attorney fees.

### 2. Factor (1)(b) – Objective Reasonableness of Positions

The second factor is the "objective reasonableness of the claims and defenses asserted by the parties." ORS 20.075(1)(b). In addition to the overall unreasonableness of Plaintiff's failure to put on evidence of his property value, as to at least one of his positions, the court had specifically ruled that it could not reduce the property's RMV, or provide any other form of relief, if Plaintiff merely raised the issue without providing evidence of the effect on property value. Plaintiff asserted his "property class code" position in his appeal for tax years 2017-18 and 2018-19. *Linstrom v. Dept. of Rev.*, 24 OTR 223 (2020). In that appeal, the court found that Plaintiff "put forward no evidence that any misclassification distorted [the county's] value indicator for any comparable property." *Id.* at 228. As in this case, Plaintiff lost the appeal; the court upheld the roll values. *See id.* at 224-25, 249.

Plaintiff apparently misread the court's 2020 discussion of the property class code issue, as that position appeared to resurface in this case among 21 filings Plaintiff filed from August to

---

[2] Assuming that the county's main objection is to repetitive behavior, the court may look to the facts in prior appeals when considering whether behavior in the current appeal is objectively unreasonable. See below.

October 2023.[3]  The court held a case management conference in late October to determine Plaintiff's intentions regarding the filings.  In response to questions from the court, he stated that determining the correct value of his property was only "part" of his goal for his appeal. (Statement of Jerry Linstrom, Case Management Conference, Oct 25, 2023, 2:38-40.)  He indicated that the other part of his goal was to compel the county to "correct [the] information" identified in his motions, referring to the same five topics that became his positions at trial.  (*Id.*)  In a December 5 omnibus order, several months before trial, the court denied Plaintiff's motions, stating:

> "In this case, the court will not consider ordering the county to change data in its records unless Plaintiff proves two things: first, that the county's data are wrong and Plaintiff's alternative data are correct; and second, that changing those specific data on the roll (as opposed to changing the overall value) is necessary to redress a pecuniary harm to Plaintiff's Property."
>
> *Linstrom v. Dept. of Rev.*, __ OTR __ (Dec 5, 2023) (slip op at 5).

In the same order, the court cautioned:

> "The county correctly points out that attorney fees * * * are available when a taxpayer asserts an objectively unreasonable position * * *.  The award of attorney fees * * * is intended to deter conduct that is unfair or wastes time, or both.  The court is not presently inclined to grant an award of attorney fees or damages in connection with Plaintiff's filings described in this order, particularly if Plaintiff in future substantially complies with this order and with the court's rules.  The court will defer action on attorney fees and damages and will consider that subject in the context of future steps in the case."

*Id.* (slip op at 7).

At trial, the court reminded the parties of the court's December 5 omnibus order, but Plaintiff nonetheless proceeded to argue his property class code position without presenting evidence of any effect on the property's value. (Statement of Judge Robert Manicke, Trial, Mar

---

[3] None of the filings has a caption, each bears same title ("Certificate of Service"), and none clearly expresses a motion, or a purpose or intention.

4, 2024 at 10:05 (reminding Plaintiff of court's Dec 5 order); Statement of Jerry Linstrom, Trial, Mar 4, 2024, 9:05-9:10; Testimony of Jerry Linstrom, Trial, Mar 4, 2024, 10:57 – 11:12, 11:22 – 11:28, 11:40 – 11:50, 1:18 – 1:20, 1:25 – 1:28.)

As to the "septic-denied" issue, the court finds that Plaintiff maintained his position even after an oral stipulation by the county made doing so objectively unreasonable. Plaintiff testified for 11 minutes about the correct nomenclature to assign to his prospects for getting approval for a septic system on his property even after the county stipulated that there is no difference to the value of the property in this case whether the status of the property is "septic denied" versus "septic not approved." (Statement of Brian Gardner, Trial, Mar 4, 2024, 10:45 – 10:46 (stipulating as such); Statement of Judge Manicke, Trial, Mar 4, 2024, 10:46 – 10:47 (cautioning Plaintiff about wasting time); Testimony of Jerry Linstrom, Trial, Mar 4, 2024, 10:47 – 10:56, 1:17, 1:27 (continuing to argue point).)

The court concludes that this factor weighs in favor of awarding the requested amount of attorney fees.

### 3. Factor (1)(c) – Deterrence of Good Faith Claims or Defenses

The third statutory factor is "[t]he extent to which an award for an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases." ORS 20.075(1)(c). Dismissal under Rule 60 is highly unusual in this division and in this case results from a complete failure of proof. The court sees little risk that an attorney fee award here would deter future litigants bringing good-faith claims or defenses. *See Seneca*, 23 OTR at 35 ("To the extent that the court awards fees for severe shortcomings of the department's valuation defense in the form of objectively unreasonable arguments, the court does not find that an award of attorney fees would significantly deter others from asserting good faith claims or defenses.").

The court concludes that this factor weighs neither in favor of nor against awarding the requested amount of attorney fees.

### 4. Factor (1)(d) – Deterrence of Meritless Claims

The fourth factor is "[t]he extent to which an award for an attorney fee in the case would deter others from asserting meritless claims and defenses." ORS 20.075(1)(d). The court considers objectively unreasonable arguments such as Plaintiff's to be "meritless claims." *See Seneca*, 23 OTR at 36 (describing arguments that the court had previously concluded were objectively unreasonable as "meritless claims"). The county asserts here that the court, "legitimate parties and claims, and * * * taxpayers in general" will benefit from "deterring others from asserting meritless claims or defenses[.]" (Inv's 1st Decl of Gardner at 6-7.) The court agrees and concludes that this factor weighs in favor of awarding the requested amount of attorney fees.

### 5. Factor (1)(e) – Objective Reasonableness During Proceedings

The fifth factor is "[t]he objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings." ORS 20.075(1)(e). In this case, the court finds that this factor substantially overlaps with factor 1(b) (objective reasonableness of positions). The county's brief raises no new concerns. The court concludes that this factor weighs in favor of awarding the requested amount of attorney fees.

### 6. Factor (1)(f) – Settlement

The sixth factor the court considers is "[t]he objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute." ORS 20.075(1)(f). The county presented testimony that Plaintiff has not made "any attempt at settling any issue" in this case. (Inv's 1st Decl of Gardner at 8.) The declaration states that the county "has endeavored to

provide Plaintiff with relevant information, timely responses, and access to Lincoln County personnel in in the survey department, septic department, planning department, tax assessor department and legal department." (*Id*. at 7-8.) Although somewhat light on detail, these assertions are unrebutted, and the court concludes that they add modest weight in favor of awarding the requested amount of attorney fees.

### 7. Factor (1)(g) – Prevailing Party Fees

The seventh factor the court considers is "[t]he amount that the court has awarded as a prevailing party fee under ORS 20.190." ORS 20.075(1)(g). This court is not listed in ORS 20.190. Therefore, "this factor does not apply to this court." *St. Mary Star of the Sea II v. Dept. of Rev.*, 22 OTR 496, 509 (2017).

### 8. Factor (1)(h) – Other Appropriate Factors

The eighth factor the court considers is "[s]uch other factors as the court may consider appropriate under the circumstances of the case." ORS 20.075(1)(h). The county requests that the court consider the history of the property, Plaintiff's continual assertion of the same issues, and Plaintiff's conduct at trial. (Inv's 1st Decl of Gardner at 8.) The court is satisfied that it has addressed these items in its consideration of the other factors under ORS 20.075(1).

The court concludes that this factor weighs neither in favor of nor against awarding the requested amount of attorney fees.

### B. *Factors Under ORS 20.075(2)*

The court continues with the factors under ORS 20.075(2).

### 1. Factor (2)(a) – Time and Difficulty

The ninth factor the court considers is "[t]he time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services." ORS 20.075(2)(a).

The county argues that, "[w]hile the issues presented * * * were not novel or difficult * * *, working through these issues with Plaintiff was very labor intensive, novel, and difficult" due to the number of filings, the lack of clarity in what the filings requested, Plaintiff's failure to comply with court rules, and his persistence in arguing points at trial after the county offered to stipulate to the issue. (Inv's 1st Decl of Gardner at 9.) The county points out--correctly--that Plaintiff could have saved all parties, including the court, time by voluntarily dismissing the case "prior to trial if Plaintiff was not going to present a value or an appraisal for the subject property." (*Id*. at 10.)

The department asserted that "[a]lthough it tendered defense to the county and the questions involved in this proceeding were neither novel or difficult, the department nonetheless had to expend time and effort to address [P]laintiff's motions, all of which were not only irrelevant but also unintelligible." (Def's Br Supp Reqst Atty Fees at 7.)

The court agrees with the county and the department that Plaintiff's actions in prosecuting this case created difficulties unusual for this straightforward property valuation matter. "Plaintiff filed 21 documents with the court between August 15 and October 16, 2023." *Linstrom v. Dept. of Rev.*, ___OTR___, Dec 5, 2023, (slip op at 2). None of these documents complied with the court's rules, had a caption, or clearly expressed a motion, purpose, or intention. *Id*. However, the court also observes that, after the court's December 5 order, Plaintiff's filings were fewer in number and more compliant with the court's rules. (*See, e.g.*, Ptf's Obj for Atty Fees (including caption and more clearly expressing an intention).)

The uncontested facts raised by the county and the department support a conclusion that the county and the department were required to expend significant time on the case although the underlying issues were neither novel nor difficult. The court concludes that this factor weighs in favor of awarding the requested amount of attorney fees.

2.      Factor (2)(b) – Preclusion of Acceptance of Other Cases

The tenth factor is "[t]he likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases." ORS 20.075(2)(b). The court does not consider this factor, as the county provided no evidence on point, and the department states that this factor does not apply in this case. (Def's Br Supp Reqst Atty Fees at 7.)

3.      Factor (2)(c) – Fee for Similar Services

The eleventh factor is "[t]he fee customarily charged in the locality for similar legal services." ORS 20.075(2)(c). The county has provided evidence that attorneys in private practice charge hourly fees of twice the $135 per hour charged by the Lincoln County Fee Schedule. (Inv's 1st Decl of Gardner at 11; Ex A (providing chart of 2021 Hourly Billing Rates for private practice).) Although the chart provided by the county is not for the current year and does not provide data for the Oregon Coast region, it does show that the mean and median rates for civil litigation defense were all in excess of $250 an hour for Oregon as a whole, the Willamette Valley, Southern Oregon, and Eastern Oregon. (*Id*.) The court is satisfied that the $135 per hour charged by the county is a reasonable rate for the legal services provided.

The department provided information from the 2022 Oregon State Bar (OSB) Economic Survey showing that the $275 per hour charged by the department's lawyers is below the mean rates for private practice tax attorneys in the Upper Willamette Valley ($285 per hour) and

Oregon as a whole ($309 per hour). (Def's Br Supp Reqst Atty Fees at 7-8.)  This court has previously used the OSB Economic Surveys when considering attorney fees under ORS 20.075(2). *Seneca*, 23 OTR at 46-49.  The court concludes that the rate requested by the department is reasonable.

The court concludes that this factor weighs in favor of awarding the requested amount of attorney fees.

### 4.  Factor (2)(d) – Amount in Controversy

The twelfth factor is "[t]he amount involved in the controversy and the results obtained." ORS 20.075(2)(d).  The court considers the amount in controversy to be the amount of tax liability.  *See Seneca*, 23 OTR at 55 (awarding partial amount of attorney fees in favor of taxpayer; considering the tax liability when determining attorney fees); *cf Neumann v. Liles*, 295 Or App 340, 347, 434 P3d 438 (2018) (comparing the amount of attorney fees to the amount of claim in case).  The county argues that the amount in controversy is the difference in tax liability. (Inv's 1st Decl of Gardner at 11-12.)  Because Plaintiff did not present a value for the subject property at trial, the county provided an estimate that the difference in tax would be "a few hundred dollars."  (*Id*. at 11.)  This is consistent with a statement made by Plaintiff at trial, after the case had been dismissed.  (Statement of Jerry Linstrom, Trial, Mar 4, 2024, 2:18 (stating that the difference in tax is between $300 and $500 per year).)  The result of this case was a dismissal on the county's motion.

Here, the court recognizes that the amount in controversy is likely very small.  To the extent that a smaller amount of tax at issue implies that a smaller fee award is appropriate, the

court has taken this into consideration elsewhere. The court concludes that no further reduction is necessary.[4]

The court finds that this factor weighs in favor awarding the requested amount of attorney fees.

### 5. Factor (2)(e) – Time Limitations

The thirteenth factor is "[t]he time limitations imposed by the client or circumstances of the case." ORS 20.075(2)(e). The county argues that the circumstances of the case support an award of attorney fees because Plaintiff filed numerous "frivolous motions" and a "modified appraisal" with supporting documents "two weeks before trial" requiring the county to change trial strategy. (Inv's 1st Decl of Gardner at 12.) The department asserts that this factor is neutral. (Def's Br Supp Reqst Atty Fees at 8.)

The court finds that concerns regarding Plaintiff's filing of additional motions have been dealt with in the discussion of the factors relating to the objective reasonableness of positions under ORS 20.075(1) and the factor dealing with time and labor required in the proceeding under ORS 20.075(2)(a).

The court concludes that this factor weighs neither in favor of nor against awarding the requested amount of attorney fees.

### 6. Factor (2)(f) – Nature and Length of Client Relationship

The fourteenth factor is "[t]he nature and length of the attorney's professional relationship with the client." ORS 20.075(2)(f). The county asserts that this factor is neutral. (Inv's 1st Decl of Gardner at 12.) The department did not make any substantive argument as to

---

[4] On the other hand, the small amount in controversy, coupled with the fact that Plaintiff appears to have incurred no legal fees for himself and presumably avoided some appraisal fees when he failed to make an appraiser available at trial, weighs in favor of a higher fee award, at least to the county, which was represented at all times and brought its appraiser to the trial. The court has taken into account this alternative interpretation of the factor as well.

how this factor applies. (*See* Def's Br Supp Reqst Atty Fees at 8-9 (describing how long the attorneys on the case have been employed by the Oregon Department of Justice, but not tying these facts to an argument regarding attorney fees).)

The court concludes that this factor weighs neither in favor of nor against awarding the requested amount of attorney fees.

### 7. Factor (2)(g) – Experience, Reputation, Ability of Attorney

The fifteenth factor the court considers is "[t]he experience, reputation and ability of the attorney performing the services." ORS 20.075(2)(g). The county presented evidence that the attorney on the case, Brian Gardner, has over 25 years of experience in varied practice areas. (Inv's 1st Decl of Gardner at 1, 12-13.) The department argued that its attorneys, Daniel Paul and Belle Na, have significant experience in the practice of law and that Paul has over 15 years of experience specifically in tax law. (Def's Br Supp Reqst Atty Fees at 9.)

The attorneys' experience weighs in favor of awarding the requested amount of attorney fees.

### 8. Factor (2)(h) – Fixed or Contingent Fee

The sixteenth factor is "[w]hether the fee of the attorney is fixed or contingent." ORS 20.075(2)(h). The county argued that the fee requested is hourly. (Inv's 1st Decl of Gardner at 13.) The department argued that the attorney fees for its attorneys are fixed. (Def's Br Supp Reqst Atty Fees at 9.)

This factor is intended to enable the court to take into account any difference in compensation between a fixed fee and a contingent fee. *See Strawn v. Farmers Ins. Co.*, 353 Or 210, 226-231, 297 P3d 439 (2013). Neither the department nor the county has provided an argument as to the relevance of this difference.

The court concludes that this factor weighs neither in favor of nor against awarding the requested amount of attorney fees.

### 9. Factor (2)(i) – Public Interest

The seventeenth and final factor the court considers is "[w]hether the attorney performed the services on a pro bono basis or the award of attorney fees otherwise promotes access to justice." ORS 20.075(2)(i). The county argues that this factor is neutral. (Inv's 1st Decl of Gardner at 13.) The department argued that this factor does not apply.

The court therefore concludes that this factor does not apply in this case.

## C. *Plaintiff's Responses*

Plaintiff has filed three documents objecting to the award of attorney fees to the county and the department. (Ptf's Ltr, Mar 23, 2024; Ptf's Obj Atty Fees, Cost, Disburs, and Reasons for Appeal; Ptf's Obj Dept of Rev's Atty Fees.) None addresses the factors under ORS 20.075(a). The court considers and rejects each of Plaintiff's objections as follows.

Plaintiff argues that attorney fees should be denied to the county and the department because their lawyers are employed to represent their respective parties in legal issues. (Ptf's Obj Atty Fees, Cost, Disburs, and the Reasons for an Appeal at 1; Ptf's Obj Dept of Rev's Atty Fees at 2.) The court interprets this argument as an assertion that, because the lawyers are employed by their respective clients and do not bill by the hour in the way customary for lawyers in private practice, this case did not generate "legal fees" for the county or the department. The court rejects this argument as to the department because the unrefuted evidence in the department's statement of attorney fees shows that the Oregon Department of Justice, the department's legal counsel, bills its state agency clients by the hour. The court also rejects this argument as to the county, as Oregon courts have awarded attorney fees for in-house attorneys and to self-

represented litigants who happen to be attorneys. *Friends of Columbia Gorge v. Energy Fac. Siting Coun.*, 367 Or 258, 269-273, 477 P3d 1191 (2020) (reviewing "modern trend" of awarding attorney fees for salaried in-house attorneys based on market value; awarding attorney fees to nonprofit's in-house attorneys based on market value); *Colby v. Gunson*, 349 Or 1, 6-9, 238 P3d 374 (2010) (awarding attorney fees to self-represented litigant who happened to be a lawyer).

Plaintiff argues, without elaboration, that he had a "reasonable basis to file [ ] an appeal" and that he did not intend "to be frivolous[.]" (Ptf's Obj Atty Fees, Cost, Disburs, and Reasons for Appeal at 3; Ptf's Ltr, Mar 23, 2024.) Plaintiff's *subjective* intention to avoid frivolous arguments is not relevant. What matters is that his positions were *objectively* unreasonable. *See Jimenez v. Dept. of Rev.*, 370 Or 543, 552, 522 P3d 522 (2022) (concluding taxpayer's subjective understanding of a legal decision was not relevant to deciding that the relevant conclusion had "no objectively reasonable basis"). The court therefore rejects this argument.

Plaintiff argues that the department's motion for attorney fees should be denied because it was untimely. (Ptf's Obj Dept of Rev's Atty Fees at 1.) Plaintiff points out that the motion was filed outside of the 20 days stated in the court's order. (*Id*.) Plaintiff has made this argument before, and the court has previously corrected his misunderstanding of the timing rules. *Linstrom v. Dept. of Rev.*, TC 5459 (Or Tax Feb 15, 2024). Plaintiff fails to take into account the additional three days given to parties when filing under TCR 10 B: "whenever a party has the right to or is required to do some act within a prescribed period after the service of a notice or other document upon that party and the notice or document is served by mail, electronic filing system, e-mail, or facsimile communication, three days will be added to the prescribed period." The court finds that the department's motion was filed within the additional three-day window and therefore rejects Plaintiff's argument.

Plaintiff argues that the department's absence from the trial "deprived [him] of asking questions and any rebuttal issues that would have supported [his] claims[.]" (Ptf's Obj Dept of Rev's Atty Fees at 1.)  The court rejects this argument because there is no evidence that Plaintiff subpoenaed any witnesses.

The court concludes that none of Plaintiff's arguments against the imposition of the amount of the requested attorney fees are persuasive.

D.     *Conclusion as to Amount of Attorney Fees*

Of the 17 factors enumerated in ORS 20.075(1) and (2), three do not apply to this case, six weigh neither in favor nor against awarding the requested amount of attorney fees, and eight weigh in favor of awarding the requested amount of attorney fees.

In this case, the court believes that a partial award of attorney fees is appropriate, in the interest of deterrence and proportionality.[5]  The court believes that awarding some amount of attorney fees is necessary to deter Plaintiff (and other litigants) from making future claims without evidence of a diminution in property value.  The court emphasizes that the conduct to be deterred is not merely the obvious act of showing up for trial without evidence of the property's value.  Rather, the court also seeks to deter any future allegation of errors in the county's records without putting on evidence that the alleged errors cause a reduction in property value.  The court believes, and certainly hopes, that a partial award should suffice to achieve that deterrence. The court will award attorney fees of $1,400 to the county (in lieu of $5,433.75 requested) and $200 to the department (in lieu of $990 requested).

---

[5] The court has discretion to award attorney fees for parts of litigation when the facts and circumstances support a partial award.  *See Seneca*, 23 OTR at 43 (2018) (citing *Goodsell v. Eagle-Air Estates Homeowners Ass'n*, 280 Or App 593, 605, 383 P3d 365 (2016)).

## IV.  PENALTY

The court "shall" award a penalty of up to $5,000 against a taxpayer who maintains a position with "no objectively reasonable basis."  ORS 305.437.  The county has not made a substantive argument regarding the amount of this penalty. (Inv's Br Atty Fees and Costs at 4.) The department did not address this item.  (*See* Def's Br Supp Reqst Atty Fees at 1-9 (discussing ORS 20.075 and 20.105, but not ORS 305.437).)

The penalty applies when a party makes an objectively unreasonable argument before this court.  *Jimenez*, 370 Or at 552 (2022).  Objective reasonableness is analyzed under the same standard as used for ORS 20.105.  *Yanez v. Washington County Assessor*, 18 OTR 276, 281 (2005).  The penalty applies here because Plaintiff made objectively unreasonable arguments. The court has discretion in the amount of the penalty.  *See Combs v. Dept. of Rev.*, 15 OTR 60, 62 (1999) ("The court is reluctant in this case to award [penalties] because taxpayer appears sincere, though misguided.").  The court may consider the taxpayer's factual arguments, legal arguments, and conduct in litigation when considering whether to impose a penalty.  *See Ellison v. Dept. of Rev.*, 20 OTR 256, 259-60 (2011) (reviewing taxpayers' presentation of evidence, legal arguments, and overall demeanor during litigation before imposing the maximum penalty under ORS 305.437).

The court imposes a $300 penalty on Plaintiff.  *See Gall v. Dept. of Rev.*, 17 OTR 352, 354-56 (2004) (imposing $300 penalty in case where taxpayers continued to make objectively unreasonable arguments after court put taxpayers on notice of the arguments' lack of supportability).

/ / /

/ / /

## V. CONCLUSION

The court awards costs and disbursements to the county in the amount of $328.02. The court awards attorney fees to the county in the amount of $1,400. The court awards attorney fees to the department in the amount of $200. And the court imposes a $300 penalty on Plaintiff. The total Plaintiff owes is therefore $2,228.02. Counsel for Defendant-Intervenor is directed to submit an appropriate form of judgment. Now, therefore,

IT IS ORDERED that Defendant's request for attorney fees is granted in part and denied in part as provided above; and

IT IS FURTHER ORDERED that Defendant-Intervenor's request for costs and disbursements is granted as provided above; and

IT IS FURTHER ORDERED that Defendant-Intervenor's request for attorney fees is granted in part and denied in part as provided above; and

IT IS FURTHER ORDERED that a penalty is awarded under ORS 305.437 in the amount of $300.

Dated this 10th day of May, 2024.

5/10/2024 11:41:11 AM

Judge Robert T. Manicke